**GENERAL MOTORS CORPORATION, Plaintiff–Appellant,**

v.

**Dudley W. TAYLOR, Commissioner of Revenue, Defendant–Appellee.**

Supreme Court of Tennessee, at Nashville.

June 10, 1991.

Frank N. Carney, Evans, Petree, Cobb & Edwards, Memphis, for plaintiff-appellant.

Joe C. Peel, Asst. Atty. Gen., Nashville and Charles W. Burson, Atty. Gen. & Reporter, for defendant-appellee.

## OPINION

REID, Chief Justice.

This case is before the Court on the complaint filed by General Motors Corporation seeking a refund of corporate excise taxes and the Commissioner of Revenue's motion to dismiss. The chancellor found that the court did not have subject matter jurisdiction of the case and sustained the Commissioner's motion.

The case involves a dispute between the Commissioner and the taxpayer regarding the procedure for judicial review of the Commissioner's action denying the claim for refund. The Commissioner's position, which was accepted by the trial court, is that the claim for refund cannot be prosecuted according to the procedure set forth in T.C.A. §§ 67–1–1801 et seq., enacted in 1986. The Commissioner insists the taxpayer's remedies are limited to those set forth in T.C.A. §§ 67–1–901 et seq., which provide that payment under protest is a prerequisite to a suit seeking recovery of the taxes. For purposes of any tax collected or administered by the Commissioner of Revenue, §§ 67–1–1801 et seq. replaced §§ 67–1–901 et seq. with respect to taxes "paid on or after January 1, 1986."

Resolution of the case is dependent upon the meaning of the following pertinent portions of T.C.A. § 67–1–1807:

| Year | Liability as shown on GM's return |
|---|---|
| 1982 | $ 46,169 |
| 1983 | 670,191 |
| 1984 | 1,274,034 |
| Combined | $1,990,394 |

General Motors' return for 1982 showed an overpayment of $230,715, which amount was claimed by the corporation as a credit against taxes due on its 1983 return. As a result of the Commissioner's audit reducing the tax liability for 1983, the 1982 overpayment plus taxes paid for 1983 resulted in an overpayment for 1983, which was applied to the liability for 1984. The $47,284 assessment was stated by the Commis-

**Applicable laws—Conditions precedent for recovery—Conflicting laws.—(a)** All taxes paid prior to January 1, 1986, shall be governed by the laws regarding refunds and suits for the recovery of taxes as those laws existed in 1985; ....

(b) All taxes paid on or after January 1, 1986, shall be governed by the laws regarding refunds and suits for the recovery of taxes as set out in this part,....

General Motors filed tax returns for each of the years 1982, 1983, and 1984. Taxes for those years were paid as reported in the returns but were not paid under protest. During 1986 and 1987, the Commissioner audited General Motors' returns for the years 1982, 1983, and 1984. Pursuant to that audit, the Commissioner filed on June 11, 1987, an assessment in the amount of $82,522, consisting of $47,284 in taxes and $35,238 in interest. General Motors paid the assessed amount on June 29, 1987 and, on that same date, filed a claim for refund for tax years 1982, 1983, and 1984. The Commissioner denied the claim for refund on July 17, 1987, and suit was filed in the Chancery Court of Davidson County on December 8, 1987.

The assessment was the result of the following audit adjustments made in the franchise and excise tax liability of General Motors Corporation for the years in question:

| Year | Liability per Audit | Increase or (decrease) per audit |
|---|---|---|
| 1982 | $ 46,117 | ($52) |
| 1983 | 586,549 | (101,642) |
| 1984 | 1,423,012 | 148,978 |
| Combined | $2,037,678 | $47,284 |

sioner to be related to the 1984 tax year. General Motors' claim for refund stated that the claim was for 1982, 1983, and 1984 tax years, and the editorial statement and the arithmetic calculations base the claim for refund upon a 1982 net operating loss carryover.

General Motors' complaint seeks judicial review of the Commissioner's denial of its

claim for refund. The Commissioner's motion to dismiss denies that the court has jurisdiction of the subject matter on the ground that payment under protest is a "condition precedent" to seeking recovery of taxes paid prior to 1986. The Commissioner's position is that the taxpayer's suit seeks "the recovery of taxes paid without protest in 1983 and 1984." The taxpayer's position is that the $47,284 in taxes (plus interest of $35,238) paid in 1987, plus the $101,694 overpayment applied to its 1982 and 1983 tax liability, are taxes "paid after January 1, 1986," within the meaning of the statutes.

■ The issue presented requires a determination by the Court of the statute applicable to the assessment of additional taxes for tax years prior to 1986 made as the result of an audit of those years subsequent to 1986. This case obviously involves a transitional situation not specifically addressed by the statute. However, the Court concludes that the trial court has jurisdiction of the taxpayer's suit to recover taxes actually paid after January 1, 1986, pursuant to the audit assessment made in 1987. In this case the amount is limited to the $47,284 (plus interest).

The Commissioner bases his insistence that the court is without jurisdiction upon *Aluminum Co. of America v. Celauro*, 762 S.W.2d 107 (Tenn.1988), in which the Court found the taxpayer could not maintain, pursuant to T.C.A. §§ 67-1-1801 *et seq.*, its suit filed in 1986 seeking refund of taxes paid without protest in 1983 and 1984. However, there is a significant difference in the facts of that case and of the present case. In *Aluminum Company of America* there was not, as in the present case, an audit made by the Commissioner that resulted in the assessment of additional taxes that were paid after January 1, 1986. The taxpayer has the right to contest the assessment of additional taxes pursuant to the Commissioner's audit.

Payment of the assessment in 1987 brings this case within the critical language of T.C.A. § 67-1-1807(b), "All taxes *paid* on or after January 1, 1986." (Emphasis added.) In 1987 the legislature added language to T.C.A. § 67-1-901, which prior to enactment of the 1986 statute required payment under protest, to clearly indicate the legislative intent that payment under protest is not a condition precedent for recovery of taxes paid on or after January 1, 1986. Section 67-1-901, T.C.A., provides in part:

> 67-1-901. **Payment under protest, involuntarily or under duress.—** . . . .
>
> (b) The provisions of this section [including the requirement of payment under protest contained in subsection (a)] shall not apply to any tax collected or administered by the commissioner of revenue when such tax is paid on or after January 1, 1986. Notwithstanding any other provision of law, it is the intent of the general assembly that it shall not be a condition precedent to any claim or suit for recovery of any taxes collected or administered by the commissioner when such taxes were paid on or after January 1, 1986, that the same were paid under protest, involuntarily, or under duress.

■ However, "taxes paid on or after January 1, 1986" does not, as General Motors contends, include the overpayment of $101,642 which was applied to the 1984 taxes leaving the balance due of $47,284. Although the elimination of the procedural requirement of payment under protest will result in substantive benefits to taxpayers, the 1986 statute, by its specific language, applies only to taxes *paid* after January 1, 1986. Prior to that statutory change, there was no procedure for the recovery of taxes not paid under protest. General Motors' opportunity to contest the assessments for taxes due in 1982, 1983, and 1984, except for the assessment made as the result of the audit, was lost when the taxes were not paid under protest.

Unlike the situations in the cases cited by General Motors, such as *Kroger Co. v. Tollett*, 608 S.W.2d 846 (Tenn.1980), the decreases in tax liability for 1982 and 1983

indicated by the audit do not represent an amount which General Motors could recover as a refund. General Motors' tax liability for 1982 and 1983 was paid, without protest, prior to the effective date of the 1986 statute, and, absent the audit and 1987 assessment, its right to seek recovery was thereby foreclosed.

Should General Motors prevail on the substantive issues raised in its claim for a refund of 1982, 1983, and 1984 taxes, its recovery of such taxes will be limited to $47,284, plus interest thereon in the amount of $35,238 paid by General Motors on June 29, 1987, plus additional interest thereon accruing subsequent to such payment pursuant to T.C.A. § 67–1–1803(b).

The judgment of the trial court dismissing the complaint for lack of jurisdiction of the subject matter is reversed and the case is remanded. Costs will be borne by the Appellee.

DROWOTA, O'BRIEN, DAUGHTREY, and ANDERSON, JJ., concur.