COMDATA NETWORK, INC., Plaintiff–Appellant,

v.

STATE of Tennessee DEPARTMENT OF REVENUE and the Commissioner of Revenue, Joe Huddleston, Defendants–Appellees.

Supreme Court of Tennessee, at Nashville.

March 15, 1993.

Rehearing Denied April 26, 1993.

Douglas J. Brown, Paul S. Davidson, Stokes & Bartholomew, Nashville, for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter, William E. Young, Asst. Atty. Gen., Nashville, for defendants-appellees.

## OPINION

REID, Chief Justice.

This case presents an appeal by Comdata Network, Inc. from the judgment of the trial court granting the Commissioner of Revenue's motion to dismiss. The record supports the Chancellor's finding that the Commissioner's refusal to allow the taxpayer a "credit carryover" for the tax years 1982 through 1984 cannot be asserted pursuant to T.C.A. §§ 67–1–1801 to 67–1–1807 (1989).

█ The review of this question of law is *de novo,* with no presumption of correctness for the chancery court's conclusions of law. *See, e.g., Estate of Adkins v. White Consol. Indus., Inc.,* 788 S.W.2d 815, 817 (Tenn.App.1989).

The essential facts are not disputed. For the tax years 1982 through 1984, Comdata filed tax returns and paid, without protest, the franchise and excise taxes shown to be due. In 1986, Comdata filed amended returns for those tax years, which stated a total overpayment of taxes in the amount of $851,868. The claimed overpayment resulted from a revision by the taxpayer of the formula for allocating taxes between Tennessee and other states in which Comdata did business. In the amended returns, the taxpayer requested that the calculated overpayment be carried forward as a credit against its tax liability subsequent to 1984.

In November, 1989, the Department notified the taxpayer that its tax returns for 1985 through 1989 had been selected for audit. In December, 1990, after the audit had been completed, the Department made an assessment of taxes due for 1985 and 1986, which subsequently was increased to $1,270,890. The assessment resulted from the disallowance by the Department of the allocation formula which produced the claimed overpayment.

The suit, which was filed by Comdata in March, 1991, three days after the Department's assessment was increased, seeks only credit for the claimed overpayment. It does not contest the audit or the assessment for 1985 and 1986 based on the audit. The taxpayer asserts that the claimed overpayment for 1982 through 1984 should be applied to its tax liability for 1985 and 1986, leaving a balance due by the taxpayer of $27,757, which amount it paid upon filing suit.

█ The Chancellor dismissed the suit on the ground that the court did not have "subject matter jurisdiction." The court found that the taxpayer's claim is controlled by T.C.A. §§ 67–1–901, 67–1–903 pursuant to which any claim for relief for taxes paid prior to January 1, 1986, must have been paid under protest and suit filed within six months of the payment. The court held that the claim was for taxes paid prior to January 1, 1986, and that that claim had been forfeited by failure to comply with the procedure required by statute.

The taxpayer contends that its "credit carryover claim was approved" and "the subsequent attempt by the Department of Revenue to revoke approval" constituted "payment" within the meaning of T.C.A. § 67–1–1807. The determinative issue then is whether the claim is for "taxes paid prior to January 1, 1986," or for taxes paid "on or after" that date. The pertinent provisions of that statute are:

**Applicable laws—Conditions precedent for recovery—Conflicting laws.—** (a) All taxes paid prior to January 1, 1986, shall be governed by the laws regarding refunds and suits for the recovery of taxes as those laws existed in 1985;

. . . . .

(b) all taxes paid on or after January 1, 1986, shall be governed by the laws

regarding refunds and suits for the recovery of taxes as set out in this part,

.    .    .    .    .

(d)(1) Provided that it shall not be a condition precedent for suit for recovery of taxes paid on or after January 1, 1986, that the same be paid under protest, involuntarily, or under duress.

(2) No suit for the recovery of any tax paid prior to January 1, 1986, shall be allowed unless such tax was paid under protest.

In *General Motors Corp. v. Taylor*, 811 S.W.2d 897 (Tenn.1991), the Court construed the controlling provisions of the statutes, T.C.A. §§ 67–1–901, 67–1–1807, and held that the language "all taxes paid on or after January 1, 1986," does not include a credit carry forward. In that case, the Commissioner, pursuant to an audit of the taxpayer's returns for 1982, 1983, and 1984, made after January 1, 1986, made an assessment of $47,284. In the course of the audit, the Commissioner found an overpayment in 1982, which was claimed by the taxpayer as a credit against 1983 taxes, resulting in an overpayment in 1983, which was applied to the 1984 liability, leaving a balance due of $47,284. The taxpayer paid the deficiency and sued, claiming a refund based on the 1983 overpayment. The Court held that the taxpayer's recovery was limited to $47,284, the amount actually paid after January 1, 1986. The Court stated:

Prior to [the enactment of T.C.A. §§ 67–1–1801–1807] there was no procedure for the recovery of taxes not paid under protest. General Motors' opportunity to contest the assessments for taxes due in 1982, 1983, and 1984, except for the assessment made as the result of the audit, was lost when the taxes were not paid under protest.

*Id.* at 899.

In *General Motors*, recovery was allowed for only the $47,284 assessment, which was paid after January 1, 1986. There was no recovery for the 1982 and 1983 payments. Denial of the disputed "credit carryover" does not constitute tax "paid" within the meaning of the statute.

The claimed "credit carryover" was derived from taxes paid without protest prior to January 1, 1986. Thus, under *General Motors*, the opportunity to contest denial of the "credit carryover" has been lost by Comdata's failure to follow the statutory procedure then in effect. *See Northern Telecom, Inc. v. Taylor*, 781 S.W.2d 837 (Tenn.1989).

The same argument advanced by Comdata in this case was rejected in *General Motors*, where the Court stated as follows:

Unlike the situations in the cases cited by General Motors, such as *Kroger Co. v. Tollett*, 608 S.W.2d 846 (Tenn.1980), the decreases in tax liability for 1982 and 1983 indicated by the audit do not represent an amount which General Motors could recover as a refund. General Motors' tax liability for 1982 and 1983 was paid, without protest, prior to the effective date of the 1986 statute, and absent the audit and 1987 assessment, its right to seek recovery was thereby foreclosed.

*General Motors Corp. v. Taylor*, 811 S.W.2d at 899–900.

Pursuant to T.C.A. § 67–1–1807, a taxpayer may file suit for recovery of taxes assessed pursuant to an audit regardless of the tax year, but recovery will be limited to the actual payment made after January 1, 1986. Otherwise, a taxpayer has no right to contest an assessment for pre–1986 taxes, unless the taxes were paid under protest pursuant to T.C.A. § 67–1–901.

Since the taxes at issue here were not paid under protest and were not actually paid after January 1, 1986, the Chancellor properly dismissed the suit. The judgment of the chancery court is affirmed. Costs are taxed against the appellant.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.