CLOVER BOTTOM HOSPITAL AND
SCHOOL et al., Appellants,

v.

Arrol TOWNSEND et al., Appellees.

Supreme Court of Tennessee.

July 29, 1974.

David M. Pack, Atty. Gen., C. Hayes Cooney, Deputy Atty. Gen., Nashville, for appellants.

Larry D. Woods and Woods, Woods & Sisk, Nashville, for appellees.

## OPINION

CHATTIN, Justice.

This suit was originally filed in the *United States District Court for the Middle District of Tennessee*, but was dismissed because of a lack of federal subject matter jurisdiction.

Immediately after the dismissal, appellees filed the suit in the Chancery Court of Davidson County.

The suit is an action by appellees, Arrol Townsend and several former residents of appellant, Clover Bottom, seeking to recover unpaid wages under the Fair Labor Standards Act for their labor while residents of the hospital and school. They allege they worked at maintenance jobs and were paid an average rate of $2.50 per month in violation of the minimum wage provision of the Fair Labor Standards Act.

Appellants filed a motion to dismiss the complaint on the ground the Chancellor

lacked jurisdiction to entertain the suit; and that the complaint failed to state a claim upon which relief could be granted because appellants are immuned from suit in a state court for a money judgment under the Fair Labor Standards Act in view of the provisions of Article 1, Section 17, of our Constitution, and T.C.A. Section 20–1702.

29 U.S.C. Section 216(b) provides in pertinent part:

"Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of the unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees or in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

Appellants insist the courts of this State are not "courts of competent jurisdiction" as provided in 29 U.S.C. Section 216(b) because of the provisions of Article 1, Section 17, of our Constitution and T.C.A. Section 20–1702.

Article 1, Section 17, of our Constitution provides in pertinent part:

"Open courts—Redress of Injuries—Suits Against the State—Suits may be brought against the state in such manner and in such courts as the Legislature may by law direct."

And T.C.A. Section 20–1702 provides:

"Actions against state prohibited.—No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any of-ficer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed by the state."

The Chancellor found the sovereign immunity defense inapplicable and overruled the motion to dismiss. However, the appellants were granted, pursuant to the terms of T.C.A. Section 27–305, a discretionary appeal to this Court.

Appellants assign as error the action of the Chancellor in overruling their motion to dismiss on the ground of sovereign immunity.

Appellees insist congress clearly intended to subject the states to suit by their citizens for violations of the Act; therefore, any defense of sovereign immunity which might exist in the absence of federal legislation is not applicable. Further, appellees argue the state impliedly consented to or waived any claim of immunity.

Prior to 1966, a suit of this nature could not have arisen because Section 3(d) of the Act defined "employer" to exclude the United States or any state or political subdivision thereof. However, in 1966, congress adopted an amendment to Section 3(d) which added an "except" clause which reads:

"Except with respect to employees of a State or a political subdivision thereof, employed (1) in a hospital, institution, or school referred to in the last sentence of subsection (r) of this Section * * *."

Section 3(r) was also amended to include:

"The operation of a hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, an elementary or secondary school,

or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit) * * *."

The validity of the foregoing amendments was upheld by the Supreme Court in Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968).

However, the question of the availability of a sovereign immunity defense was expressly reserved.

In the recent case of Employees v. Missouri Public Health Dept., 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), the Supreme Court decided the eleventh amendment to the United States Constitution barred suit by employees of the State of Missouri against the State in federal court for violation of the Fair Labor Standards Act. However, the court refused to decide if such actions could be brought in state courts saying: "The argument is that if we deny this direct federal court remedy, we in effect are recognizing that there is a right without any remedy. Section 16(b), however, authorizes employee suits in 'any court of competent jurisdiction.' Arguably, that permits suit in the Missouri courts but that is a question we need not reach."

Although concurring in the result, Mr. Justice Marshall, joined by Mr. Justice Stewart, disagreed with the majority's conclusion the question of whether the suit could be brought in a state court may not be decided. Mr. Justice Marshall said:

"I believe that proper analysis of whether these employees may sue their state employer in federal court for overtime compensation owed to them under the Fair Labor Standards Act requires consideration of what I view as two distinct questions: (1) Did congress, in extending the protection of the FLSA to state employees such as these petitioners, effectively lift the State's protective veil of sovereign immunity; * * * *"

Mr. Justice Marshall offered an affirmative answer to the issue saying:

"At the time our Union was formed, the States, for the good of the whole, gave certain powers to Congress, including power to regulate commerce, and by so doing, they simultaneously subjected to congressional control that portion of their pre-existing common law sovereignty which conflicted with those supreme powers given over to Congress. This is one of the essential lessons of the decision in Parden v. Terminal R. Co., 377 U.S. 184, 194, 84 S.Ct. 1207, 1212, 12 L.Ed.2d 233 (1964), where the court recognized that '[b]y empowering congress to regulate commerce, * * * the states necessarily surrendered any portion of their sovereignty that would stand in the way of such regulation.' Congress having validly exercised this power under the Commerce Clause to extend the protection of the FLSA to state employees such as petitioners, see Maryland v. Wirtz, 392 U.S. 183, 88 S. Ct. 2017, 20 L.Ed.2d 1020 (1968), the State may not defeat this suit by retreating behind its common law shield of sovereign immunity.

*   *   *   *   *   *

"In the 1966 amendments, § 3(d), 29 USC § 203(d), which defines 'employer' for the purposes of the FLSA was altered to cover expressly 'employees of a State or a political subdivision thereof, employed * * * in a hospital, institution, or school * * *.' In the face of such clear language, I find it impossible to believe that Congress did not intend to extend the full benefit of the provision of the FLSA to these state employees."

■ Because of the logic of Mr. Justice Marshall's conclusion, we think the majority of the Supreme Court will, in all probability, reach a similar conclusion when the question is considered again by that court, we adopt the reasoning of Mr. Justice Marshall.

Having so decided it is unnecessary to consider the question of waiver. Likewise, we think it unnecessary to consider appellees' motion to dismiss this discretionary appeal. However, we note that the appellants also argue that if the trial court awards money damages it will be in violation of Article 2, Section 24, of our Constitution which provides in part as follows:

"No money shall be drawn from the treasury but in consequence of appropriations made by law; * * *."

The logic of Mr. Justice Marshall's conclusion applies with equal force to counter this argument as well as appellants' first argument.

The decree of the Chancellor is affirmed and the cause remanded for further proceedings.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.

## ON PETITION TO REHEAR

CHATTIN, Justice.

Petitioners have filed an earnest and forcible petition to rehear.

They insist we were in error in holding this suit could be brought against appellees, a State institution and its officials, without State legislative authority.

However, we clearly pointed out that the amendments to the Fair Labor Standards Act authorizing suits by employees of the State against such State institutions were valid; that the States had granted to Congress the power to regulate commerce; and that, therefore, the State cannot defeat the suit by pleading its common law shield of sovereign immunity.

Petitioners further insist our holding that Congress by enacting the Fair Labor Standards Act had conferred subject matter jurisdiction of the suit upon the courts of this State is unconstitutional in violation of Article 1, Section 17, of the Tennessee Constitution.

Again, we pointed out that Congress had the power to enact the Act and authorize suits in State courts under the commerce clause.

The office of a petition to rehear is to call the attention of the Court to matters overlooked, not those things which Counsel supposes were improperly decided after full consideration. West v. Carr, 212 Tenn. 367, 370 S.W.2d 469 (1963).

The petition to rehear is denied.

DYER, C. J., McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.