Arrol TOWNSEND et al.,
Plaintiffs-Appellants,

v.

CLOVER BOTTOM HOSPITAL AND
SCHOOL et al.,
Defendants-Appellees.

Supreme Court of Tennessee.

Jan. 16, 1978.

Woods & Woods by Larry D. Woods, Nashville, for plaintiffs-appellants.

Assoc. of Trial Lawyers of America, amicus curiae.

C. Hayes Cooney, Chief Deputy Atty. Gen., of counsel, Brooks McLemore, Jr., Atty. Gen., Nashville, for defendants-appellees.

## OPINION

FONES, Justice.

Plaintiffs appeal from the decree of the Chancery Court of Davidson County dismissing their complaint against an institution of the State of Tennessee, following the United States Supreme Court's decision [1] excluding State employees from the coverage of the Fair Labor Standards Act. That decision overruled a 1968 decision [2] upholding limited coverage of state employees, based upon congressional authority to regulate interstate commerce.

On May 2, 1973, plaintiffs filed their complaint alleging that, while inmates of Clover Bottom Hospital and School, they worked at institutional maintenance jobs and were paid hourly wage rates below the minimum required by the FLSA.

Plaintiffs sought recovery of the difference between the wages paid and the minimum wages provided by the FLSA and an additional equal sum as liquidated damages in accordance with the provisions of that Act.

Defendants' motion to dismiss for lack of subject matter jurisdiction and sovereign immunity was overruled in February, 1973. In December, 1973, this Court affirmed the Chancellor and remanded the case to the trial court for further proceedings. *Clover Bottom Hospital and School v. Townsend,* 513 S.W.2d 505 (Tenn.1974).

In that decision we observed that the 1966 amendments to the Fair Labor Standards Act, which had brought within its coverage employees of a state hospital, institution or school primarily engaged in the care of the sick, the aged and the mentally ill, including those who resided on the premises had withstood constitutional attack in *Maryland v. Wirtz, supra.*

However, the decision in *Wirtz* expressly reserved the question of the availability to the states of the defense of sovereign immunity. Addressing that question, this Court cited *Employees v. Missouri Public Health Department,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), wherein the United States Supreme Court held that employees of the State of Missouri were barred from maintaining an action against that State, in the Federal Courts, for violation of the Fair Labor Standards Act. While the majority of the Court refused to decide the issue of whether such action could be brought in state court, Mr. Justice Marshall, joined by Mr. Justice Stewart, was of the opinion that the issue should be decided, and, in the affirmative. This Court was of the opinion that when the United States Supreme Court confronted the issue in a future case the Court would agree with Mr. Justice Marshall. Since this Court was absolutely bound by *Wirtz* on the issue of the coverage of the Act and anticipated being bound by a future decision similar to the views expressed by Mr. Justice Marshall, on the issue of state court jurisdiction, we affirmed the Chancellor and remanded the case for further proceedings.

Defendants appealed to the United States Supreme Court and following dismissal of that appeal and denial of its petition to rehear, the remand order of this Court was reinstated and executed on the 9th day of October, 1975.

In 1974 Congress again amended the FLSA and embraced within the coverage of

---

1. *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976).

2. *Maryland v. Wirtz,* 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968).

the Act all employees of the States, except those holding public elective office, and those selected by such office holders to serve as staff members, or legal and policy advisers, etc. See 29 U.S.C. § 203 subsections (d) and (e)(2)(C).

In June, 1976, while this case was again pending in the Chancery Court of Davidson County and before trial on the merits, the United States Supreme Court rendered its decision in *National League of Cities v. Usery, supra,* wherein *Maryland v. Wirtz, supra,* was expressly overruled.

Defendants promptly moved in the Chancery Court to dismiss the complaint for failure to state a claim upon which relief could be granted relying upon *Usery* as having the effect of removing subject matter jurisdiction. The Chancellor granted defendants' motion, dismissed plaintiff's complaint and the present direct appeal is from that decree. We affirm.

Plaintiffs concede that *Usery* holds the 1974 amendments to the FLSA unconstitutional but insists that the reasoning employed by the Court does not apply to the 1966 amendments, and they remain valid. They argue that the limited number of state employees covered by the 1966 amendments should not invoke the Supreme Court's concern of Federal intrusion upon state sovereignty whereas, coverage of most all public employees, enacted in 1974, obviously triggered that concern. Second, that the 1966 Amendments may be upheld as a valid exercise of the spending power of Congress, Article 1, Section 8, Clause 1, or may be upheld as an enforcement tool for the rights, privileges and immunities of a "suspect class" under Section 5 of the 14th Amendment.

 In our opinion, the *Usery* decision exempts all state employees from Federal wage and hour regulation. By expressly overruling *Wirtz,* the prior decision upholding the constitutionality of the 1966 Amendments, those Amendments were invalidated.

As we understand the following portion of *Usery,* no other conclusion is tenable.

"Congress may not exercise that power so as to force directly upon the States its choices as to how essential decisions regarding the conduct of integral governmental functions are to be made. We agree that such assertions of power, if unchecked, would indeed, as Mr. Justice Douglas cautioned in his dissent in *Wirtz,* allow 'the National Government [to] devour the essentials of state sovereignty,' 392 U.S., at 205, 88 S.Ct. 2017, and would therefore transgress the bounds of the authority granted Congress under the Commerce Clause. While there are obvious differences between the schools and hospitals involved in *Wirtz,* and the fire and police departments affected here, each provides an integral portion of those governmental services which the States and their political subdivisions have traditionally afforded their citizens. We are therefore persuaded that *Wirtz* must be overruled." [Footnote omitted]. 426 U.S. at 855, 96 S.Ct. at 2475.

Justices Brennan, White and Marshall were convinced that the 1966 Amendments had been invalidated by the majority. Mr. Justice Brennan, writing for the minority says:

"The best I can make of it is that the 1966 FLSA amendments are struck down and *Wirtz* is overruled on the basis of the conceptually unworkable essential function test; . . ." 426 U.S. at 880, 96 S.Ct. at 2487.

 Plaintiffs seek to rely on the "law of the case" doctrine and res judicata, insisting that our 1974 decision in this case affirming the denial of defendants' first motion to dismiss, was final and irrevocable. There is a distinguishing feature of this case, not found in any of the cases relied upon by plaintiffs. The validity of including employees of the State in the scope of the Fair Labor Standards Act, has involved a precarious Federal Constitutional question. It was not the prerogative of this Court in 1974, nor is it our prerogative at this time, to decide the law of the case. It is our duty to apply the latest pronouncements of the United States Supreme Court

on Federal Constitutional questions. Before the merits of this case could be reached in the trial court, the application of the Fair Labor Standards Act to employees of the State was declared unconstitutional. The result of that decision was to eliminate, as a cause of action, this suit, or any suit, predicated on the inclusion of state employees within the scope of the FLSA.

Plaintiffs contend that we should give *Usery* prospective effect and validate their claims that accrued prior to the release of that decision. They argue that at the time their suit was filed, *Wirtz* was the law; and that reversal of this very strong precedent was "unforeseeable". The filing of the suit at a time when *Wirtz* was the law is said to constitute action by plaintiffs in "justifiable reliance" on former law, one of the factors that have induced courts to depart from the general rule and apply overruling decisions prospectively only. See *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

The complaint alleges that the Clover Bottom Hospital and School is a state mental health facility primarily engaged in the care of mentally retarded persons who reside on the premises; that plaintiffs resided there and worked varying hours, in different jobs, primarily through the Vocational Placement Department at that institution.

The reasonable inferences to be drawn from the meager pleadings before us, insofar as they are relevant to this issue, are that the plaintiff inmates performed work that was either directly or indirectly in furtherance of the teaching function of the school; that the rather nominal wages paid were not intended by the State nor expected by the patients to be full compensation for services rendered; that insofar as the services exceeded in value the wages paid plaintiffs and others similarly situated, the difference was patient contribution for the cost to the State for room, board, patient care and education.

Plaintiffs did not allege that they entered Clover Bottom Hospital and School and performed the work made available to them in reliance upon the expectation that they would be paid in accord with the minimum hourly rates and overtime provision of the FLSA. Even if such allegations were made and evidence adduced in support thereof, plaintiffs would be faced with the reality that, after each plaintiff's first pay period, reliance would have terminated. Justifiable reliance may not be predicated on the mere filing of a lawsuit but relates to the making of a contract or the acquisition of vested rights in reliance upon the law then in effect, with consequences that cannot be justly ignored when that law is overruled. For example, if, in this case, the State had acquiesced in the *Wirtz* decision and paid wages in accord with FLSA and sought to recover overpayments made to plaintiffs the equities would be reversed and plaintiffs might successfully invoke a prospective application of *Usery*.

We have carefully considered the other factors deemed relevant to the nonretroactivity question, as expressed in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), and our recent case of *Cumberland Capital Corp. v. Patty*, 556 S.W.2d 516 (Tenn.1977), Opinion on Petition to Rehear.

■ It is our conclusion that the U.S. Supreme Court did not intend that its decision in *Usery* be applied prospectively. We think this is a proper case in which to apply the Blackstonian view that *Usery* was not new law but a pronouncement of what is, and has been, the true law, and that the unconstitutional intrusion upon state government by Congress conferred no rights, imposed no duties and is in legal contemplation, as inoperative as though it had never been passed.

It is significant to note that Mr. Justice Douglas wrote a strong dissent in *Wirtz*, wherein he said:

"But what is done here is nonetheless such a serious invasion of state sovereignty protected by the Tenth Amendment that it is in my view not consistent with our constitutional federalism." 392 U.S. at 201, 88 S.Ct. at 2026.

"In this case the State as a sovereign power is being seriously tampered with, potentially crippled." 392 U.S. at 205, 88 S.Ct. at 2028.

Contrary to plaintiffs' assertion that overruling of *Wirtz* was unforeseeable, we think the identity of the dissenting justice and the content of the dissent foretold a short life span for that decision.

This record does not support the contention of plaintiffs that Winfield Dunn, Richard Treadway, David Ray and Gilbert Salter were sued individually. All assignments of error and arguments predicated on that assumption are overruled.

The decree of the Chancery Court of Davidson County is affirmed. Costs are adjudged against plaintiffs.

HENRY, C. J., and COOPER, HARBISON and BROCK, JJ., concur.