IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 6, 2006

## JANALEE WILSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-05-89     Roger A. Page, Judge**

---

**No. W2005-01801-CCA-R3-PC  - Filed September 26, 2006**

---

The Petitioner, Janalee Wilson, appeals as of right from the judgment of the Madison County Circuit Court denying her petition for post-conviction relief. On appeal, the Defendant argues that she received the ineffective assistance of counsel and that her constitutional rights were violated by the involvement of the federal prosecutor in the state proceedings. After review of the record, as to the ineffective assistance of counsel claim, the Petitioner's brief fails to set forth any specific contentions in support of the issue and, therefore, the issue is waived. As to her challenge to the federal prosecutor's involvement, this issue is waived due to the Petitioner's failure to raise it in her direct appeal and, additionally, the argument is without merit. Accordingly, we affirm the judgment of the trial court denying post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which J.C. MCLIN, J., joined. GARY R. WADE, P.J., not participating.

Mike Mosier, Jackson, Tennessee, for the appellant, Janalee Wilson.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

On May 30, 2002, a Madison County jury convicted the Petitioner of first degree premeditated murder, and she was sentenced to life in prison with the possibility of parole. The Petitioner's conviction was affirmed on direct appeal. See State v. Janalee Annette Wilson, 164 S.W.3d 355 (Tenn. Crim. App. 2003). Our supreme court denied permission to appeal on March 8, 2004.

On March 3, 2005, the Petitioner filed a petition for post-conviction relief, alleging (1) that she received the ineffective assistance of counsel, (2) that the conviction was based on a violation of the protection against double jeopardy, (3) that the evidence was insufficient to support the conviction, and (4) "also those claims from [the direct] appeal . . . ." The Petitioner argued that counsel was ineffective based upon the following allegations:

> [C]ounsel should have objected to the federal prosecutioner [sic] being able to co-prosecute the state charges as well. Counsel should not have agreed to let prosecution use certain testimony where this testimony was prejudiced to her in the fact the prosecution cut off the statements made on stand once their wanted answer came out. Counsel should have investigated further medical routes to explain reason why petitioner was innocent of murder. Counsel should have objected to prosecution comments at trial.

The trial court appointed counsel for the Petitioner and, thereafter, an amended petition was filed. In the amended petition, the Petitioner argued (1) ineffective assistance of counsel, (2) that she was denied her rights to due process and equal protection "by allowing the Federal prosecutor to participate in the state court proceedings[,]" and (3) sufficiency of the evidence. As grounds for her ineffective assistance of counsel claim, the Petitioner contended that Trial Counsel failed to seek the appointment of a medical expert to investigate the circumstances of the victim's death, failed to meet with her a sufficient number of times in order to keep her informed of the developments in her case and discuss trial strategy, and failed to secure a copy of the transcript of the federal trial.

An evidentiary hearing was held on July 13, 2005, and the trial court denied relief by written order on July 20, 2005. The trial court concluded that the Petitioner's challenge to the issues raised on direct appeal was waived because those issues had been previously determined. Moreover, the trial court concluded that "issues touching sufficiency of the evidence are improper in post-conviction proceedings." The trial court then found that the Petitioner's ineffective assistance of counsel claim was without merit. Regarding the issue of the involvement of the federal prosecutor, the trial court determined that the issue was waived for failure to raise it on direct appeal and, alternatively, that the issue was without merit. This timely appealed followed.

**ANALYSIS**

On appeal, the Petitioner raises two issues for our review: (1) "Whether or not the Petitioner received the effective assistance of counsel in her trial for the conviction which is the subject of this appeal[,]" and (2) "Whether or not the participation of a special prosecutor in the original trial of this matter violated the [Petitioner's] rights to equal protection and due process of law." To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial

judge, not the appellate courts.  See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997).  The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings.  See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

## I. Ineffective Assistance

To succeed in a challenge for ineffective assistance of counsel, the Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases.  Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975).  Under Strickland v. Washington, 466 U.S. 668, 687 (1984), the Petitioner must establish (1) deficient representation, and (2) prejudice resulting from the deficiency.  A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal.  Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).  This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise.  Id.  "However, a trial court's conclusions of law–such as whether counsel's performance was deficient or whether that deficiency was prejudicial–are reviewed under a purely de novo standard, with no presumption of correctness given to the trial court's conclusions."  Id.

In the Petitioner's brief, she provides two paragraphs reciting the general law on ineffective assistance of counsel and this Court's standard of review.  Thereafter, she states her argument on the effectiveness of counsel as it specifically relates to her case.  This argument in its entirety is as follows:

> The Petitioner has raised many specific instances in her pro se petition for post conviction relief and her amended petition for post conviction relief where she alleges that trial counsel was ineffective.  Counsel respectfully submits that some of these issues were heard and determined on the Petitioner's direct appeal of her conviction.  (T.I – 15-16).  However, there remain other specific instances that were raised at the hearing on the petition and which should be considered by this Honorable Court.  It may be that any one of the alleged instances of ineffective assistance of counsel might not be sufficient to sustain the Petitioner's request for relief, but when considered as a whole in light of all the facts and circumstances of this case the Petitioner may well be entitled to relief.

> The Petitioner respectfully submits that this Honorable Court should view her allegations in light of the totality of circumstances of this case and enter an order sustaining her Petition and setting aside her conviction.

The State argues that the Petitioner's argument is "completely insufficient."  We agree.

The Petitioner made no specific claims of the ineffective assistance of counsel in her brief but merely referenced her pro se and amended petitions and "other specific instances raised at the hearing . . . ." Within the petitions, the Petitioner raised multiple allegations of ineffectiveness. In addition to the issues raised in the petitions, the Petitioner raised several additional ineffective assistance issues during her testimony at the evidentiary hearing. The trial court addressed six ineffective assistance allegations in its order denying relief. Moreover, we note that, after reviewing the transcript in correlation with the Petitioner's one citation to the record, this citation is ambiguous at best and provides no assistance in discerning her ineffective assistance of counsel claim.

First, Tennessee Code Annotated section 40-30-106 provides, "The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d). "Amendments to the petition shall conform substantially to the form for original petitions, except that matters alleged in the original petition need not be repeated." Id. § 40-30-104(g). Therefore, regarding the additional issues raised by the Petitioner at the hearing and not addressed in her petitions or by the trial court in its order denying relief, we agree with the State that the Petitioner has waived these issues by failing to raise them in her original or amended petition.

Second, Rule 27 of the Tennessee Rules of Appellate Procedure provides in relevant part as follows:

> The brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Tenn. R. App. P. 27(a)(7); see also Harvey v. State, 749 S.W.2d 478, 479 (Tenn. Crim. App. 1987). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b).

The "Tennessee Rules of Appellate Procedure do not contemplate that an appellant may submit one blanket issue as to the correctness of a judgment and thereby open the door to argument upon various issues which might affect the correctness of the judgment." Quentin Lewis v. State, No. W2000-01773-CCA-R3-PC, 2001 WL 1011474, at *1 (Tenn. Crim. App., Jackson, Aug. 21, 2001); see also Lesson v. Chernau, 734 S.W.2d 634, 637 (Tenn. Ct. App. 1987). The State correctly points out that, "[w]ithout an argument as to which claim(s) she now seeks to rely upon, the State cannot know what issues to address on the merits." Moreover, the Petitioner does not provide this Court with any explanation as to how her alleged claims of ineffective assistance of counsel (1) were in fact deficient, or (2) how, but for these deficiencies, there was a reasonable probability that the jury's verdict would have been different.

-4-

In sum, the Petitioner has failed to comply with Rule 27, Tennessee Rules of Appellate Procedure, which requires that she "[set] forth the contentions . . . with respect to the issues presented, and the reasons therefor," as to why appellate relief is required. Tenn. R. App. P. 27(a)(7). Furthermore, the Petitioner admits that "some of these issues were heard and determined on the Petitioner's direct appeal" and that "any one of the alleged instances of ineffective assistance of counsel might not be sufficient to sustain the Petitioner's request for relief . . . ." We are unable to review this issue on the merits and conclude that the Petitioner's claim of ineffective assistance of counsel is waived.

## II. Federal Prosecutor

Next, the Petitioner argues that participation of the federal prosecutor in her state murder trial violated her constitutional guarantees of equal protection and due process. The record reveals that, prior to the state proceedings, the Petitioner was convicted in federal court for mail fraud, wire fraud, and money laundering. See United States v. Wilson, 345 F.3d 447 (6th Cir. 2003). The federal prosecution was based upon the same underlying facts, see id. at 449, and the federal prosecutor involved was employed to assist in the state prosecution for murder. On March 26, 2002, Trial Counsel filed a motion seeking to disqualify the special prosecutor, arguing that the federal prosecutor's involvement in the state trial violated the doctrine of dual sovereignty. The trial court denied the motion, and this issue was not raised on direct appeal.

At the post-conviction level, the trial court found that the issue was waived due to the Petitioner's failure to raise the issue on direct appeal and, alternatively, that the issue was without merit. On appeal, the Petitioner makes the following argument:

> The Petitioner respectfully requests that this Honorable Court re-evaluate the statute and the case law concerning the appointment of a special prosecutor on grounds of denial of due process and equal protection under the law. The Petitioner respectfully submits that it should be all too obvious to this Honorable Court that special prosecutors are only used by governments and wealthy individuals who can afford to hire a special prosecutor. The fact that the participation of a special prosecutor is almost solely limited to these circumstances should cast doubt on the fundamental fairness of the statute and demands that this court re-evaluate the propriety of the procedure.

The State argues that the issue is waived.

First, we agree that the issue is waived. Tennessee Code Annotated section 40-30-106 provides:

> A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:

(1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or

(2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. § 40-30-106(g). The Petitioner's claim for relief is not "based upon a constitutional right not recognized as existing at the time of trial[,]" and the Petitioner's failure to present this issue on direct appeal was not "the result of state action in violation of the federal or state constitution." Id. We conclude that the claim should have been brought on direct appeal; as such, it is waived in the post-conviction setting. See Randy L. Jones v. State, No. M2005-00765-CCA-R3-PC, 2006 WL 1626931, at *22 (Tenn. Crim. App., Nashville, June 9, 2006).

In addition, the trial court found that, notwithstanding any waiver,

[t]he Court has heard no proof to suggest that the federal government and state government were not acting as independent sovereigns . . . .

. . . As [Trial Counsel] recalled, [the federal prosecutor's] involvement was necessarily due to the fact that Jim Thompson, who would have been prosecuting on behalf of the State, had applied for a federal position and therefore would not be involved in the case.

It is also relevant to mention that many of the dual sovereignty cases involve a failed former prosecution and successive prosecution in [sic] by a dual sovereign. That situation is not present in this case . . . .

Furthermore, the Petitioner's due process argument is unfounded.

We agree with the rationale of the trial court.

Our supreme court has specifically upheld and adhered to the doctrine of dual sovereignty, reasoning as follows: "There is no question but that such a procedure does not subject the defendant to double jeopardy insofar as the guaranty of due process in the 14th amendment of the federal constitution is concerned." State v. Thomas, 158 S.W.3d 361, 391 (Tenn. 2005) (citing Bartkus v. Illinois , 359 U.S. 121 (1959)). While the rationale of Bartkus has been criticized,

a similar approach has provided the basis for a more recent case, which would imply that Bartkus' analysis of the issue is still valid. See United States v. Wheeler, 435 U.S. 313 (1978). This court is bound by the decisions of the United States Supreme

-6-

Court concerning the proper interpretation of the federal constitution. Townsend v. Clover Bottom Hospital and School, 560 S.W.2d 623 (Tenn. 1978).

> The double jeopardy provision of the Tennessee constitution, Article I, § 10, affords the defendant no greater protection.

Thomas, 158 S.W.3d at 391. Nothing in the record supports the the claim that the State in bringing its prosecution "was merely a tool of the federal authorities . . . ." Bartkus, 359 U.S. at 123. Furthermore, "any modification or abandonment of the dual sovereignty doctrine must be accomplished through legislative action." Thomas, 158 S.W.3d at 391 (citing Lavon v. State, 586 S.W.2d 112, 115 (Tenn. 1979)).

The appointment of a special prosecutor does not violate either the United States Constitution or the Tennessee Constitution. Bennett, 798 S.W.2d at 786. There is no requirement that a district attorney general show cause for the participation of a special prosecutor. State v. Eldridge, 951 S.W.2d 775, 781 (Tenn. Crim. App. 1997). The Petitioner herself acknowledges "that the present state of law in Tennessee allows the participation of special prosecutors in criminal cases." Participation of the special prosecutor in this case did not violate the Petitioner's constitutional rights. This issue is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the Madison County Circuit Court is affirmed.

_____
DAVID H. WELLES, JUDGE