**NORTHERN TELECOM, INC., Appellant,**

v.

**Dudley W. TAYLOR, Commissioner of Revenue, State of Tennessee, and W.J. Michael Cody, Attorney General and Reporter, State of Tennessee, Appellees.**

Supreme Court of Tennessee, at Nashville.

Dec. 4, 1989.

James C. Gooch, Michael D. Sontag, Nashville, for appellant.

Charles W. Burson, Atty. Gen., Joe C. Peel, Asst. Atty. Gen., Nashville, for appellees.

## OPINION

BEN H. CANTRELL, Special Justice.

This is an action by a taxpayer against the State Commissioner of Revenue and the Attorney General. The taxpayer seeks a declaratory judgment that the commissioner was authorized to refund the taxes in question or, in the alternative, that the commissioner's refusal to consider the refund deprives the plaintiff of its rights under 42 U.S.C. § 1983.

The chancellor granted the state's motion to dismiss on the grounds that the court lacked subject matter jurisdiction over the declaratory judgment action and that the § 1983 claim was barred by the doctrine of sovereign immunity.

In its complaint, the plaintiff alleged that while it was in the process of preparing its state tax return for the tax year ending December 31, 1981, the commissioner notified the plaintiff that the plaintiff had erred in its treatment of certain interest income for the years 1978 through 1980. As a result, the commissioner contended that the plaintiff owed additional taxes for those years. When the plaintiff filed its 1981 return on October 1, 1982, it calculated the tax due according to the position taken by the commissioner and voluntarily paid the tax.

In 1983, the commissioner assessed the plaintiff with additional taxes for the years 1978 and 1980 because of the alleged erroneous treatment of the interest income. When the plaintiff reviewed the assessment and the applicable law, it concluded that the commissioner's position was incorrect. Accordingly, the plaintiff paid the assessment under protest and filed an action to recover the overpayment.

While the action to recover the overpayment was pending, this court decided

the case of *Holiday Inns, Inc. v. Olson,* 692 S.W.2d 850 (Tenn.1985), which involved the same legal issue that the commissioner had raised with the plaintiff. The *Olson* decision resolved the issue in favor of the taxpayer and against the commissioner. Accordingly, the commissioner agreed to refund the taxes paid under protest for the years 1978 and 1980 which were the subject of an action for a refund. He refused, however, to honor the plaintiff's claim for a refund for the overpayment of the 1981 taxes. The commissioner's position was that he was allowed by Tenn.Code Ann. § 67–1–1802(a)(6)(1988) to grant a refund after an adverse court decision affecting the taxes only to parties to the action or a party to a similar action. Since the plaintiff in this case was not a party to an action contesting the overpayment for 1981, the commissioner's position would not allow the refund even though the plaintiff was a party to an action involving the same legal issue covering prior years.

Tenn.Code Ann. § 67–1–1802(a)(7) provides:

> A refund which is authorized solely by a final court adjudication shall not be made to any person who is not either a party to such action or a party to another similar action.

The plaintiff filed this action on June 20, 1988, asking that the chancellor decree that Tenn.Code Ann. § 67–1–1802(a)(6) authorizes and directs the commissioner to grant the refund in this case. The plaintiff's position is that a refund is allowed if the taxpayer is a party to an action involving the same legal issue, regardless of whether such action pertains to the tax period for which the refund is being sought.

It is true that the law in this state now allows the Commissioner of Revenue to issue tax refunds. Tenn.Code Ann. § 67–1–1802(a)(1)(1988) provides:

> The commissioner of revenue, with the approval of the attorney general ... is empowered and directed to refund to taxpayers all taxes ... that are, on the date of payment, paid in error or paid against

any statute, rule, regulation or clause of the constitution of this state or the United States.

The commissioner's authority, however, is limited in cases where the refund claim results from an adverse decision in a lawsuit brought by other taxpayers. *See* Tenn.Code Ann. § 67–1–1802(a)(6), *supra.*

Since the plaintiff was a party to another action involving the question decided in *Holiday Inns, Inc. v. Olson,* (although not concerning the 1981 taxes), the plaintiff maintains that the court should issue a declaratory judgment that the commissioner could issue the refund for the 1981 taxes. Recognizing the pitfalls that one encounters in an action asking the court to order the refund directly, the plaintiff has studiously avoided a request that the court issue an order mandatory in tone or effect.

The lower court dismissed the declaratory judgment action because the court lacked subject matter jurisdiction.

### A.

### The Declaratory Judgment

■ In 1923, the legislature passed the Tennessee Declaratory Judgments Act, now codified at Tenn.Code Ann. § 29–14–101, et seq. Under that act, the courts of record were given the power, within their respective jurisdictions, to declare rights, status, and other legal relations, Tenn.Code Ann. § 29–14–102(1980), and to construe or determine the validity of any written instrument, statute, ordinance, contract, or franchise. Tenn.Code Ann. § 29–14–103(1980).

The key to the jurisdictional question in this case is found in the words of the act itself. Courts of record are given the power to render declaratory judgments *within their respective jurisdictions.* Tenn.Code Ann. § 29–14–103. In another section of the code, the legislature has restricted the power of the courts to entertain suits against the state "or against any officer of the state acting by authority of the state,

with a view to reach the state, its treasury, funds, or property." Tenn.Code Ann. § 20–13–102(1980). In *Hill v. Beeler*, 199 Tenn. 325, 286 S.W.2d 868 (1956), this Court held that § 20–13–102 prohibited the courts from entertaining an action for a declaratory judgment against a state officer. The Court said:

The Declaratory Judgment Act [§ 29–14–101], et seq., does not permit the filing of a suit against the State to construe statutes so it seems to us that there is no authority for the suit but that Code Section [20–13–102] expressly forbids such an action. *Id.* at 286 S.W.2d 871.

To the same effect is the decision in *American Can Co. v. McCanless*, 183 Tenn. 491, 193 S.W.2d 86 (1946), an action for a declaratory judgment in a tax case, where this Court held that the declaratory judgment act did not apply to the state because the state was not specifically mentioned in the act.

The plaintiff seeks to distinguish *American Can* on the ground that it involved questions of substantive law and was an attempt to hinder or delay the collection of the tax. This case is different, the plaintiff asserts, because all that is involved is the question of procedure and the taxes have already been paid.

We fail to see the distinction, however. Both cases involve actions for a declaratory judgment against the Commissioner of Revenue. A threshold issue is the jurisdiction of the court to entertain the action regardless of the questions involved. We think the legislature had unmistakably spoken on that point contrary to the position of the plaintiff.

B.

The 42 U.S.C. § 1983 Claim

The plaintiff asserts that if this Court decides there is no subject matter jurisdiction under the declaratory judgments act, then jurisdiction exists under 42 U.S.C. § 1983. That section, part of the Civil Rights Act of 1871, provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The plaintiff contends that the commissioner and the attorney general have deprived it of a proper tax refund because of the way they have construed Tenn.Code Ann. § 67–1–1802(a)(6). The plaintiff further contends that § 1983 is invoked because the legislature has passed a statute which affects the property rights of its residents but has provided no means for a judicial review of the statute.

We are of the opinion that the plaintiff's complaint fails to state a claim on which relief can be granted and was properly dismissed by the chancellor. *See* Tenn.R. Civ.P. 12.02(6).

■ First, the plaintiff has not pled facts showing that it has been deprived of any right, privilege, or immunity. We note that prior to January 1, 1986, the procedure for the recovery of taxes was governed by the provisions of Tenn.Code Ann. § 67–1–901, et seq. That procedure required the taxpayer to pay the tax under protest and sue the collecting officer for a refund. Tenn. Code Ann. § 67–1–903(1988). The plaintiff did not take advantage of that procedure; instead it voluntarily paid the tax. As the law then stood, the right to recover the taxes paid was gone forever. *See Blank v. Olsen*, 662 S.W.2d 324 (Tenn.1983). We fail to see how the actions of the commissioner and the attorney general could have deprived the plaintiff of a right that was already gone.

■ If, in the second place, the complaint is that the legislature has deprived the plaintiff of a way to obtain judicial

review of Tenn.Code Ann. § 67–1–1802(a)(6), we are of the opinion that 42 U.S.C. § 1983 does not provide any relief. The allegation concerning the acts of the legislature clearly involves the action of the state itself, and the state is not a "person" within the meaning of 42 U.S.C. § 1983. *Deane Hill Country Club, Inc. v. City of Knoxville,* 379 F.2d 321 (6th Cir. 1967). (*See also American Civil Liberties Union of Tennessee v. State of Tennessee,* 496 F.Supp. 218 (M.D.Tenn.1980), with respect to the question of the state's immunity when only prospective relief is sought.)

The judgment of the court below is affirmed. Tax the costs on appeal to the appellant.

DROWOTA, C.J., FONES,
HARBISON and O'BRIEN, JJ., concur.