Jimmy SPENCER, Plaintiff/Appellant,

v.

Marjorie Nelle CARDWELL, Commissioner, Tennessee Department of Mental Health & Mental Retardation, Defendant/Appellee.

Court of Appeals of Tennessee,
Western Section, at Nashville.

July 3, 1996.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 2, 1996.

R. Eddie Davidson, Nashville, for plaintiff/appellant.

Charles W. Burson, Attorney General & Reporter, and Eugenie B. Whitesell, Assistant Attorney General, Nashville, for defendant/appellee.

TOMLIN, Senior Judge.

Jimmy Spencer ("plaintiff") filed a complaint in the Chancery Court of Davidson County against Evelyn C. Robertson, Jr., Commissioner of the Tennessee Department of Mental Health and Mental Retardation (hereinafter "Department")[1] and the Department (collectively referred to as "defendants") seeking a declaratory judgment on the grounds that his due process rights had been violated as a result of his termination as a civil service employee. Defendants filed an answer and motion to dismiss or in the alternative for summary judgment, which was supported by portions of two depositions. The chancellor granted defendants' motion, holding that the state had not waived its sovereign immunity, and that the court lacked subject matter jurisdiction to entertain plaintiff's suit. Plaintiff's sole issue on appeal is whether the chancellor erred in

1. Pursuant to T.R.C.P. 25.04, the new Department Commissioner Marjorie Nellie Cardwell was substituted for Commissioner Evelyn C. Robertson, Jr. on February 14, 1995.

dismissing his complaint. We find no error and affirm.

Plaintiff was employed as an account clerk at the Department's central office in Nashville. By a letter dated October 18, 1993, the Commissioner advised plaintiff that he was being transferred, effective immediately, to the Department's Clover Bottom Developmental Center in Donelson. Plaintiff was instructed to report to work at Clover Bottom the following day. This letter was hand delivered to plaintiff on October 18. Plaintiff drafted a grievance regarding the proposed transfer on that same date, which he had delivered to the Commissioner the following day.

On October 19, 1993, the Commissioner sent plaintiff a letter by certified mail advising him that the transfer was not a "grievable" matter. The Commissioner further advised plaintiff that if he failed to report to work at Clover Bottom within three days after receipt of the letter, plaintiff would be considered as having resigned.

Plaintiff received the Commissioner's letter on October 27, 1993. On that same date, plaintiff advised Don Barrie, the director of personnel at Clover Bottom, by phone that he would not be reporting to Clover Bottom until his grievance was addressed and that if Barrie wished, he should assigned the position to someone else. Plaintiff did not appear at Clover Bottom at the appointed time to begin his employment. By letter dated October 28, 1993, mailed to plaintiff by certified mail on October 29, 1993, the Commissioner confirmed plaintiff's resignation. The letter reads in pertinent part as follows:

This letter serves to confirm your resignation from this department effective October 28, 1993. On October 27, 1993, you informed Dr. Don Barrie, Director of Personnel, at Clover Bottom Developmental Center, that you would not be reporting to work there.

This suit followed.

Because defendants' motion was supported by depositions, this court, as did the chancellor, treats this as a matter of summary judgment. In ruling on motions for summary judgment, both the trial court and this court must consider the motion in the same manner as a motion for directed verdict made at the close of plaintiff's proof—i.e., we must view all affidavits and depositions in a light most favorable to the nonmoving party, allow all reasonable inferences in favor of that party and discard all countervailing evidence. If after so doing, a disputed issue of material fact is made out or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. *Byrd v. Hall,* 847 S.W.2d 208, 210–11 (Tenn.1993).

The rule of sovereign immunity in this state is both constitutional and statutory. Article I, Section 17 of the Tennessee Constitution provides in part that "Suits may be brought against the State in such a manner and in such courts as the Legislature may by law direct." This section has been interpreted as a grant of sovereign immunity to the state, and, accordingly, no suit against the State may be sustained absent express authorization from the Legislature. *Coffman v. City of Pulaski,* 220 Tenn. 642, 422 S.W.2d 429 (1967).

The Legislature codified this constitutional prohibition in T.C.A. § 20–13–102(a) (1994), which reads as follows:

No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

In the case of *State ex rel. Allen v. Cook,* 171 Tenn. 605, 106 S.W.2d 858, 860 (1937), the supreme court stated:

Article 1, Section 17, of the Constitution delegating to the Legislature the power to authorize suits against the state, being in derogation of the state's inherent exemption from suit, must itself be strictly construed; hence legislation authorizing suits against the state must strictly pursue the constitutional requirements, and be so plain, clear, and unmistakable in its provisions as to the manner and form in which

such suits may be brought as to leave nothing to surmise or conjecture.

*Id.*

■ Plaintiff brought this action under the Declaratory Judgment Act as set out in T.C.A. §§ 29–14–101 to –113 (1980 & Supp. 1995). He specifically asked for a declaratory judgment under § 29–14–103 (1980), asserting that his due process rights had been violated by the Commissioner's decision that he had voluntarily resigned from his employment. T.C.A. § 29–14–103 reads as follows:

> **29–14–103. *Construction of statutes and written instruments.*—**Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration or rights, status or other legal relations thereunder.

Although plaintiff concedes in his brief that T.C.A. § 20–13–102(a) prohibits certain actions against the state, plaintiff attempts to distinguish the relief he seeks from the types of relief mentioned in the statute by stating that he "is not seeking to get at the State's treasury, funds or property." Rather, he contends that he is simply asking the trial court to hold that the Commissioner was without authority to impose a "voluntary resignation" upon him. Although T.C.A. § 29–14–102(a) does provide that "Courts of record within their respective jurisdictions shall have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed," our supreme court in *Northern Telecom, Inc. v. Taylor,* 781 S.W.2d 837, 839 (Tenn.1989), *cert·denied* 496 U.S. 905, 110 S.Ct. 2587, 110 L.Ed.2d 268 (1990), stated that the above-quoted language simply gives courts of record the power to

render declaratory judgments *"within their respective jurisdictions."*

In *Hill v. Beeler,* 199 Tenn. 325, 286 S.W.2d 868, 871 (1956), our supreme court interpreted T.C.A. § 20–13–102 as prohibiting the courts of this state from entertaining a declaratory judgment action against a state officer. The *Hill* court stated:

> The Declaratory Judgment Act [T.C.A. § 29–14–101 to 113] does not permit the filing of a suit against the State to construe statutes so it seems to us that there is no authority for the suit but that [T.C.A. § 20–13–102] expressly forbids such an action.

This rule as announced in *Hill* has been repeatedly affirmed by our supreme court. *See L.L. Bean, Inc. v. Bracey,* 817 S.W.2d 292, 297 (Tenn.1991); *Northern Telecom, Inc.,* 781 S.W.2d at 840; *see also American Can Co. v. McCanless,* 183 Tenn. 491, 193 S.W.2d 86, 90 (1946).

Plaintiff's contention that his suit is not precluded because it is not brought with a view to reach the state's treasury, funds, or property as prohibited by T.C.A. § 20–13–102(a) is without merit. This court has previously held that this code section bars not only suits with a view to reach state funds, but also suits "with a view to reach the state" itself. *Greenhill v. Carpenter,* 718 S.W.2d 268, 272 (Tenn.App.1986).

Accordingly, the judgment of the chancellor is affirmed. Costs in this cause on appeal are taxed to plaintiff, for which execution may issue if necessary.

CRAWFORD, P.J., and LILLARD, J., concur.