IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

**FILED**

**January 28, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

E1999-02516-COA-R9-CV

| | |
|---|---|
| JEFFREY L. LAWSON, | ) C/A NO. 03A01-9904-CH-00151 |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| | ) |
| | ) INTERLOCUTORY APPEAL PURSUANT TO |
| v. | ) RULE 9, T.R.A.P., FROM THE |
| | ) KNOX COUNTY CHANCERY COURT |
| | ) |
| | ) |
| UNIVERSITY OF TENNESSEE, | ) |
| | ) HONORABLE SHARON BELL, |
| Defendant-Appellant.) | CHANCELLOR |


For Appellant                    For Appellee

BEAUCHAMP E. BROGAN              VICTORIA H. BOWLING
General Counsel                  Norris, Tennessee
University of Tennessee
Knoxville, Tennessee

RONALD C. LEADBETTER
Associate General Counsel
University of Tennessee
Knoxville, Tennessee


O P I N I O N


REVERSED AND REMANDED                          Susano, J.

We granted this Rule 9, T.R.A.P., application to determine whether the defendant University of Tennessee ("the University") can be sued for a violation of the federal Fair Labor Standards Act. We find that it cannot be sued for such violations under the current state of the law. Accordingly, we reverse the trial court's order denying the University's motion to dismiss.

I.

Jeffrey L. Lawson ("Lawson") filed a complaint in the trial court alleging that the University had violated the federal Fair Labor Standards Act of 1938[1] ("the FLSA") (1) by "failing to pay [Lawson] overtime compensation" and (2) by retaliating against him "by refusing to issue [his] rightful retirement." Lawson sought declaratory relief, injunctive relief, and monetary damages as to these two alleged violations of the FLSA. Lawson's complaint was met by the University's motion to dismiss, in which the University asserts that the trial court "lacks subject matter jurisdiction over plaintiff's claim because said claim is barred by the doctrine of sovereign immunity...." The University later filed a supplemental motion, asserting, as an alternative basis for dismissal, that the trial court lacks subject matter jurisdiction because, if the claim is not barred by sovereign immunity, exclusive jurisdiction to consider it lies with the Tennessee Claims Commission ("Claims Commission"). The trial court denied both motions. The University seeks relief in the Court of Appeals pursuant to our order granting a Rule 9, T.R.A.P., appeal. The University raises the following issue for

---

[1]29 U.S.C. § 201 *et seq.*

our consideration:  Is Lawson's action under the FLSA barred by the doctrine of sovereign immunity?[2]  We hold that it is.

## II.

The issue presented by the University is purely a question of law.  Therefore, the record of the proceedings below comes to us for a *de novo* review without a presumption of correctness.  ***Presley v. Bennett,*** 860 S.W.2d 857, 859-60 (Tenn. 1993); ***Union Carbide Corp. v. Huddleston,*** 854 S.W.2d 87, 91 (Tenn. 1993).

## III.

After the University filed its notice of appeal, but before the parties filed their briefs, the United States Supreme Court released its opinion in ***Alden v. Maine,*** __ U.S. __, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), wherein it addressed the constitutionality of 29 U.S.C. §§ 216(b)and 203(x), which code sections purport to authorize actions under the FLSA against a state in its own courts, even without that state's consent. The Supreme Court decreed that "the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject *nonconsenting* States to private suits for damages in state courts." ***Alden,*** 119 S.Ct. at 2246.  (Emphasis added).  The Supreme Court, in a 5-4 decision, went on to find that Maine had not consented to be sued under the FLSA, and affirmed the judgment of the Supreme Court of Maine affirming the

---

[2]Because we find that the University is entitled to a dismissal on its primary defense, we do not find it necessary to address the University's contention that this matter must be pursued before the Claims Commission.

3

decision of the lower state courts dismissing the plaintiffs'
action under that act.  *Id*. at 2269.

In light of the **Alden** decision, we must determine
whether the State of Tennessee has consented to be sued under the
FLSA in state court.

Article I, Section 17 of the Tennessee Constitution
provides as follows:

> That all courts shall be open; and every man,
> for an injury done him in his lands, goods,
> person or reputation, shall have remedy by
> due course of law, and right and justice
> administered without sale, denial, or delay.
> *Suits may be brought against the State in
> such manner and in such courts as the
> Legislature may by law direct.*

(Emphasis added).  This provision and the broader concept of
sovereign immunity were addressed by the Tennessee Supreme Court
in the case of **Spencer v. Cardwell**, 937 S.W.2d 422 (Tenn. 1996):

> The rule of sovereign immunity in this state
> is both constitutional and statutory.
> Article I, Section 17 of the Tennessee
> Constitution provides in part that "Suits may
> be brought against the State in such a manner
> and in such courts as the Legislature may by
> law direct."  This section has been
> interpreted as a grant of sovereign immunity
> to the state, and, accordingly, no suit
> against the State may be sustained absent
> express authorization from the Legislature.
> **Coffman v. City of Pulaski**, 220 Tenn. 642,
> 422 S.W.2d 429 (1967).
>
> The Legislature codified this constitutional
> prohibition in T.C.A. § 20-13-102(a) (1994),
> which reads as follows:
>
> > No court in the state shall have
> > any power, jurisdiction, or
> > authority to entertain any suit
> > against the state, or against any
> > officer of the state acting by

4

authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

In the case of *State ex rel. Allen v. Cook*, 171 Tenn. 605, 106 S.W.2d 858, 860-61 (1937), the supreme court stated:

Article 1, Section 17, of the Constitution delegating to the Legislature the power to authorize suits against the state, being in derogation of the state's inherent exemption from suit, must itself be strictly construed; hence legislation authorizing suits against the state must strictly pursue the constitutional requirements, and be so plain, clear, and unmistakable in its provisions as to the manner and form in which such suits may be brought as to leave nothing to surmise or conjecture.

*Id*. at 423-24. T.C.A. § 20-13-102(a) "bars not only suits with a view to reach state funds, but also suits 'with a view to reach the state' itself," such as declaratory judgment actions. *Id.* at 424. (quoting *Greenhill v. Carpenter,* 718 S.W.2d 268, 272 (Tenn.Ct.App. 1986)).

As it relates to the University, T.C.A. § 20-13-102, partially quoted in *Spencer*, provides in subsection (b) as follows:

No statutory or other provision authorizing the University of Tennessee and its board of trustees to sue and be sued shall constitute a waiver of sovereign immunity.

T.C.A. § 20-13-102(b) (1994). By enacting T.C.A. § 20-13-102(b), the Legislature made "quite clear...that it intended for the

5

University of Tennessee to be clothed with sovereign immunity." ***Stokes v. University of Tennessee at Martin,*** 737 S.W.2d 545, 546 (Tenn.Ct.App. 1987).

Lawson argues that sovereign immunity does not bar his claim because, according to him, the State waived its immunity as to a suit against it under the FSLA when the Legislature enacted T.C.A. § 9-8-307, dealing with the jurisdiction of the Tennessee Claims Commission ("the Claims Commission"):

> (a)(1) The [claims] commission...has exclusive jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees,"...falling within one (1) or more of the following categories:
>
> \*   \*   \*
>
> (N) Negligent *deprivation of statutory rights created under Tennessee law*, except for actions arising out of claims over which the civil service commission has jurisdiction.[3]

T.C.A. § 9-8-307(a)(1)(N) (1999)(Emphasis added). Lawson argues that the language of subsection (N) is an express waiver of sovereign immunity and constitutes the State's consent to be sued under the FLSA. We disagree. In T.C.A. § 9-8-307(a)(1)(N), the Legislature expressly limited the breadth of the Claims Commission's jurisdiction over claims of deprivation of statutory rights to those claims involving rights "created under *Tennessee* law." (Emphasis added). T.C.A. § 9-8-307(a)(1)(N) does not purport to give the Claims Commission jurisdiction over claims of deprivation of statutory rights under *federal* law. Therefore, we conclude that T.C.A. § 9-8-307(a)(1)(N) cannot be construed as an

---

[3]The civil service commission has "jurisdiction to hear civil service appeals brought pursuant to statute and regulations promulgated pursuant thereto." T.C.A. § 8-30-108(2) (1993).

6

expression of the Legislature's intent to waive the State's immunity from suit under the FLSA. In fact, there is nothing in any part of the statutory scheme pertaining to the Claims Commission reflecting that the State has waived its sovereign immunity as to suits under the FLSA.

Next, Lawson argues that the State has consented to be sued under the FSLA and has thus waived its immunity to such suits by enacting T.C.A. § 16-11-103 (1994). That statute grants chancery court original jurisdiction of all cases of an equitable nature. However, the language of that enactment cannot be construed as an explicit waiver of immunity, for the simple reason that it contains no language of the type contemplated by **Spencer**. *See* 937 S.W.2d at 423. ("...no suit against the State may be sustained absent *express* authorization from the Legislature." (Emphasis added)).

Lawson also relies on the Tennessee Supreme Court's decision in **Clover Bottom Hospital and School v. Townsend,** 513 S.W.2d 505 (Tenn. 1974), in support of his contention that the State has consented to be sued under the FLSA. We find this reliance on **Clover Bottom** to be erroneous for two reasons. First, as we have already noted, sovereign immunity can be waived only by express statutory authorization. Tenn. Const. art. I, § 17; **Spencer,** 937 S.W.2d at 423. Second, although the Tennessee Supreme Court held in **Clover Bottom** that a state employee's action under the FLSA in state court is not barred by the doctrine of sovereign immunity, that ruling was premised upon a finding that the provisions of the FLSA authorizing suits by state employees against the various states were valid. *See* **Clover Bottom,** 513 S.W.2d at 507-08. The premise underlying

7

***Clover Bottom*** clearly has been invalidated by the United States Supreme Court's decision in the ***Alden*** case.

For all of the above reasons, we hold that the State has not consented to suits brought under the FLSA. Therefore, Lawson's action against the University is barred by the doctrine of sovereign immunity.

IV.

The order of the trial court is reversed. This case is remanded to the trial court for the entry of a judgment dismissing the appellee's complaint at his costs. Costs on appeal are also taxed to the appellee.

_____
Charles D. Susano, Jr., J.

8

CONCUR:

_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.