IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 24, 2006 Session

**ANNA LOU WILLIAMS, PLANTATION GARDENS, D/B/A TOBACCO PLANTATION AND BEER BARN, D/B/A JIM'S FLEA MARKET**
**v.**
**GERALD F. NICELY**

**An Appeal from the Chancery Court for Shelby County**
**No. CH-04-1463-1     Walter L. Evans, Chancellor**

**No. W2005-02599-COA-R3-CV - Filed February 28, 2007**

This is a declaratory judgment action against the State regarding the use of an easement. The plaintiffs own a parcel of land next to a highway. By deed, the plaintiffs' predecessor in title granted a perpetual easement for "highway purposes" to the State for the Department of Transportation in the strip of land immediately next to the highway. Prior to this litigation, the Department of Transportation asked the plaintiffs to remove advertising signs posted on the land next to the highway because the signs encroached on the State's highway "right-of-way." In response, the plaintiffs filed a declaratory judgment action against the State, seeking a declaration that the easement for "highway purposes" did not constitute a "highway right-of-way," and that the State had no authority to require removal of the signs. The trial court ruled in favor of the plaintiffs, declaring that the deed conveyed to the State only an easement of ingress and egress and did not grant the right to use the land as a "highway right-of-way." The defendant now appeals. We vacate the trial court's judgment and dismiss the case, finding that the plaintiffs' declaratory judgment action is barred by the doctrine of sovereign immunity.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Vacated and the Case is Dismissed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Paul G. Summers, Attorney General  & Reporter, Michael E. Moore, Solicitor General, and Larry M. Teague, Deputy Attorney General, Nashville, Tennessee, for Defendant/Appellant Gerald F. Nicely.

Jim F. Williams, Millington, Tennessee, Plaintiff/Appellee, pro se.

**OPINION**

Plaintiff/Appellee Anna Lou Williams ("Plaintiff" or "Williams") owns a parcel of land next to Highway 51 in Millington, Tennessee. On March 9, 1972, Williams' predecessor in title conveyed to the State of Tennessee a "perpetual easement for highway purposes" on the portion of that property immediately next to the highway for the use and benefit of the State Department of Highways, now the Department of Transportation (TDOT). The easement covers 2.08 acres of Williams' property and runs in a lengthwise strip adjacent to Highway 51. Located on Highway 51 on the other side of the strip of land in question is Plaintiff/Appellee Plantation Gardens, d/b/a Tobacco Plantation and Beer Barn, d/b/a Jim's Flea Market (collectively, "Plaintiff" or "Plantation Gardens"), a partnership consisting of Williams and her son, Plaintiff/Appellee Jim F. Williams. On July 14, 2004, TDOT sent the Plaintiffs two letters asking the Plaintiffs to remove two advertising signs posted within the 2.08 acre easement, pursuant to Tennessee Code Annotated § 54-5-136.[1] TDOT claimed that the Plaintiffs' signs were encroaching on the State's "right-of-way" property, a strip of land extending in width 118 feet from the center line of the highway. According to TDOT, the two signs were approximately 88 and 91 feet from the center line of the highway.

In response to these requests, on July 22, 2004, the Plaintiffs filed a Petition for Declaratory Judgment and Injunctive Relief against Defendant/Appellant Gerald F. Nicely ("Defendant"), the Commissioner of TDOT. The Plaintiffs asked the trial court to declare that the 2.08 acre "easement for highway purposes" was not a "highway right-of-way" and that section 54-5-136 of the Tennessee Code Annotated did not authorize TDOT to remove and dispose of the Plaintiffs' personal property within the easement. In addition, the Plaintiffs sought injunctive relief to enjoin TDOT from removing or destroying the Plaintiffs' signs during the pendency of the litigation.

On August 5, 2004, the parties entered into a consent order enjoining TDOT from removing or destroying the Plaintiffs' personal property located within the 2.08 acre easement. Subsequently, on September 1, 2004, the State also filed an answer to the Plaintiffs' petition. In the answer, the

---

[1]Section 54-5-136 states in pertinent part:

(a)(1) The department is authorized to remove, store, sell and dispose of personal property encroachments on the rights-of-way of highways under its jurisdiction at the expense of the owner.

(A) If the encroachment presents an immediate danger to the traveling public, the department may remove the encroachment without prior notice to the owner. If the owner's name and address can be ascertained by reasonable inquiry after removal, the department shall give the owner notice, by certified mail, within ten (10) calendar days of removal.

(B) If the encroachment does not present an immediate danger to the traveling public and the owner's name and address can be ascertained by reasonable inquiry, the department shall give the owner ten (10) calendar days notice, by certified mail, of its intent to remove the encroachment at the owner's expense. Such ten (10) day period shall run from the fourth day after the mailing of the notice. Upon expiration of such period, the department may remove the encroachment.

T.C.A. § 54-5-136 (2004).

State asserted that the easement for "highway purposes" granted by Williams' predecessor in title constituted part of the State's right-of-way for Highway 51. In addition, the State asserted as a defense the doctrine of sovereign immunity, arguing that it precluded a declaratory judgment action, such as the instant case, against the State of Tennessee, its departments, and its officials.

The cause was heard on September 19, 2005. During opening statements, the Plaintiffs told the trial court that the proof would show that Williams' predecessor in title granted the State an easement for highway purposes only, and not a highway right-of-way. According to the Plaintiffs, by purchasing the 2.08 acre easement for "highway purposes" rather than as a highway right-of-way, the State merely obtained the right of ingress and egress to the land. As such, the Plaintiffs retained the right to use the land however they chose, so long as such usage did not interfere with the purposes for which the State's easement was granted.

In response, the State argued that the term "highway purposes" encompassed a "variety of uses that facilitate the construction and maintenance of highways . . . a right-of-way [being] one of those uses to which [the] property might be put." The State noted that it had used the 2.08 acre easement strip as a right-of-way for over thirty years; on it the State had constructed a drainage ditch for the highway, installed utility lines, and reserved a portion of the land for a "safety zone." Essentially, the State contended, by purchasing an easement for highway purposes, it had obtained the right to construct and maintain highway facilities on the strip of land, including the construction of additional roadway should the State decide to widen Highway 51.

Before the State's attorney had finished his opening argument, and before any proof had been presented by either party, the trial court ruled from the bench, stating:

> [T]he instrument that is the subject of this litigation merely grants to the State of Tennessee the right of ingress, egress—ingress and egress over the property so described, and that the [Plaintiffs] shall not do or structure any—shall not engage in any activity or impose any kind of structure that would interfere with the State's use of the property for highway purposes.
> But it does not constitute a conveyance of that property to the State to the exclusion of the owner of that property, who also has the right to use the property so long as the easement rights of the State are not infringed upon.
> So, basically, what [Plaintiffs] [have] requested of the Court's interpretation is what the Court adopts for purposes of this proceeding.

Thus, the trial court ruled that the 2.08 acre easement for highway purposes merely granted the State the right of ingress and egress to the strip of land, and was not a highway right-of-way. The trial court's oral ruling was memorialized in a written order of declaratory judgment, entered on

September 29, 2005. In the order, the trial court also vacated and dissolved the parties' consent order enjoining the State from removing the Plaintiffs' signs.[2] From this order, the State now appeals.

On appeal, the State asks this Court to review two issues: (1) whether the trial court lacked subject matter jurisdiction to entertain this declaratory judgment action against the Commissioner of the Tennessee Department of Transportation because of the doctrine of sovereign immunity and (2), assuming the trial court had jurisdiction, whether a "highway right-of-way" was one of the purposes for which Williams' predecessor in title granted a "perpetual easement for highway purposes" to the State of Tennessee.

Since this matter was tried without a jury, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Van Winkle v. City of Lavergne*, No. M2000-01784-COA-R3-CV, 2001 WL 1141349, at *2 (Tenn. Ct. App. Sept. 27, 2001). Questions of law, however, are reviewed *de novo* with no presumption of correctness. *Van Winkle*, 2001 WL 1141349, at *2 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)).

At the outset, we must first address the issue of sovereign immunity. Article I, Section 17, of the Tennessee Constitution provides that "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct." This section has long been interpreted as embodying the doctrine of sovereign immunity, under which no suit may be maintained against the State "absent express authorization from the Legislature." *See Spencer v. Cardwell*, 937 S.W.2d 422, 423 (Tenn. Ct. App. 1996) (citing *Coffman v. City of Pulaski*, 422 S.W.2d 429 (1967)).

In addition to Article I, Section 17, the doctrine of sovereign immunity is codified in section 20-13-102 of the Tennessee Code Annotated. *Spencer*, 937 S.W.2d at 423; *see also Hamilton v. Cook*, No. 02A01-9712-CV-00324, 1998 WL 704528, at *6-7 (Tenn. Ct. App. Oct. 12, 1998). This statute reads in pertinent part:

> No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

T.C.A. § 20-13-102(a) (1994). Thus, the doctrine of sovereign immunity is both constitutional and statutory in Tennessee, and this Court does not have the power to amend it. *See*, *e.g.*, *Jones v. L & N Railroad Co.*, 617 S.W.2d 164, 170 (Tenn. Ct. App. 1981).

---

[2]By the time of trial, the two advertising signs had been voluntarily removed.

The Plaintiffs brought this action against the Commissioner of the Department of Transportation, an officer of the State.[3] As indicated by the language of section 20-13-102(a), quoted above, a suit against a state officer in his or her official capacity is a "suit against the state." *See Cox v. State*, 399 S.W.2d 776, 778 (Tenn. 1965). The Plaintiffs' lawsuit was filed pursuant to the Tennessee Declaratory Judgment Act, Tennessee Code Annotated § 29-14-101 *et seq*. This Act provides that "[c]ourts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." T.C.A. § 29-14-102(a) (2000). Generally, under the Declaratory Judgment Act, "[a]ny person interested under a deed . . . may have determined any question of construction or validity arising under the instrument . . . and obtain a declaration of rights, status or other legal relations thereunder." T.C.A. § 29-14-103 (2000). In the instant case, the plaintiffs seek construction of the deed granting an easement to the State for "highway purposes," thus falling within the ambit of the Declaratory Judgment Act.

The State argues that the doctrine of sovereign immunity precludes the Plaintiffs from maintaining this declaratory judgment action against it. The State contends that the Declaratory Judgment Act does not constitute an express legislative authorization for such a lawsuit against the State. For this proposition, the State relies on *Northern Telecom, Inc. v. Taylor*, 781 S.W.2d 837 (Tenn. 1989). In *Northern Telecom*, the plaintiff filed suit against the State Commissioner of Revenue and the Attorney General, seeking a declaratory judgment stating that the Commissioner of Revenue was authorized to refund taxes which the plaintiff had paid under protest. *Northern Telecom*, 781 S.W.2d at 838. In affirming the trial court's dismissal of the action, the Tennessee Supreme Court noted that section 20-13-102 of the Tennessee Code Annotated prohibited courts from entertaining a suit against the State "with a view to reach the state, its treasury, funds, or property." *Id.* at 840. Moreover, as to the Declaratory Judgment Act, the court stated:

> The Declaratory Judgment Act [§ 29-14-101], et seq., does not permit the filing of a suit against the State to construe statutes so it seems to us that there is no authority for the suit but that Code Section [20-13-102] expressly forbids such an action.

*Id.* (quoting *Hill v. Beeler*, 286 S.W.2d 868, 871 (Tenn. 1956)) (alterations in original). The holding in *Northern Telecom* has since been reaffirmed by the supreme court, see *L.L. Bean, Inc. v. Bracey*, 817 S.W.2d 292, 297 (Tenn. 1991), and repeatedly followed by the intermediate appellate court. *See, e.g.*, *Spencer*, 937 S.W.2d at 424; *Carter v. McWherter*, 859 S.W.2d 343, 346 (Tenn. Ct. App. 1993); *see also Hamilton*, 1998 WL 704528, at *6. Thus, particularly in cases in which a litigant seeks to reach the State's "treasury, funds or property," it has been determined that the Declaratory Judgment Act is not a legislative authorization for a lawsuit against the State.[4] *See, e.g., Carter*, 859

---

[3] T.C.A. §§ 4-3-111, 4-3-2302 (2005).

[4] This is also generally true in cases in which a litigant does not seek to reach the State's "treasury, funds or property." *See, e.g., Utley v. Rose*, 55 S.W.3d 559, 563 (Tenn. Ct. App. 2001) (noting that "nothing in the [Declaratory Judgment Act] indicates that it may be used to bring suit against state officers for alleged violations of agency rules" and citing T.C.A. § 20-13-102 for the proposition that "[s]uch an action would violate the state's sovereign immunity");

(continued...)

S.W.2d at 346 (holding that "courts of Tennessee are prohibited from entertaining an action for declaratory judgment against a state officer" and finding that such an action would "not lie to compel the disbursement of moneys from the state treasury").

In an analogous case, the Tennessee Supreme Court held that a quiet title action concerning a property easement which had been obtained by the State through condemnation was barred by the doctrine of sovereign immunity. *See A.L. Kornman Co. v. D.W. Moulton*, 360 S.W.2d 30 (Tenn. 1962). At issue in *Kornman* was a portion of land that the City of Nashville had condemned as an easement for the purpose of constructing a bridge for the state highway system. *Id.* at 30-31, 35. After constructing the bridge, the City conveyed its interest in the property to the State of Tennessee. *Id.* at 31. The plaintiffs, as successors in title to the underlying fee, subsequently brought a quiet title action against the Commissioner of Highways. *Id.* The plaintiffs alleged that a small portion of the easement—i.e., the portion not occupied by the bridge structure—had been abandoned by the State and thus reverted to the plaintiffs. *Id.* In response, the commissioner filed a motion to dismiss on grounds that the suit was barred because it was "in effect a suit against the State . . . in an effort to reach property belonging to the State, and that such suit . . . may not be maintained because of inhibitions found in . . . Article I, § 17 . . . and in T.C.A. § [20-13-102]." *Id.* The trial court overruled the motion, but the commissioner was permitted to file an interlocutory appeal to the supreme court. *Id.*

On appeal, the supreme court addressed the issue of whether such a quiet title action could be maintained against the State in light of the doctrine of sovereign immunity. *Id.* at 32. After noting the plaintiffs' failure to show any legislative enactment authorizing such an action against the State, the court cited numerous cases from other jurisdictions in which a quiet title action concerning a property interest, such as mineral rights, held by a state was found to be barred in the absence of consent by the State to be sued. *Id.* at 32-33 (concluding that "the courts unanimously uphold the plea of immunity of the State to be sued in the absence of its consent."). It then held that the plaintiffs' suit was likewise barred:

> [I]t would be against the public policy to force the State to defend after it has through lawful means condemned and paid the full value of the property condemned. . . . [W]hat we are trying to say is that after there has been a legitimate fair compensation paid for the property even though taken for an easement when there is an alleged abandonment of that easement afterwards the State should not have to defend that suit without its consent to it.

───────────────────

[4](...continued)
*Spencer*, 937 S.W.2d at 424 ("This court has previously held that [T.C.A. § 20-13-102(a)] bars not only suits with a view to reach state funds, but also suits 'with a view to reach the state' itself.") (quoting *Greenhill v. Carpenter*, 718 S.W.2d 268, 272 (Tenn. Ct. App. 1986)). *But see Campbell v. Sundquist*, 926 S.W.2d 250, 256-57 (Tenn. Ct. App. 1996), *perm. app. denied* June 10, 1996.

*Id.* at 35. Therefore, despite the contention that a refusal to allow the plaintiffs' action against the State would leave them without a remedy,[5] the supreme court sustained the State's motion and dismissed the case based on the doctrine of sovereign immunity. *Id.* at 34-35.

The instant action is analogous to the situation presented in *Kornman*. First, Plaintiffs failed to show this Court any legislative enactmnent expressly authorizing an action against the State which seeks to construe a state-owned easement.[6] Second, similar to the quiet title action in *Kornman*, the Plaintiffs ultimately seek to determine the respective rights of the parties in a particular piece of real property. Specifically, the Plaintiffs seek a construction of a state-owned easement essentially limiting the State's use of the easement. Clearly, in this case, the Plaintiffs seek to affect the State's property interest and the policy concerns discussed in *Kornman* are applicable.

Under these circumstances, we must conclude that the Plaintiffs' declaratory judgment action in the case at bar constitutes a "suit against the state . . . with a view to reach . . . [state] property." T.C.A. § 20-13-102. Accordingly, it is barred under the doctrine of sovereign immunity, and the trial court erred in declining to dismiss the suit on that basis. This holding pretermits any other issues raised on appeal.

The decision of the trial court is vacated and the case is dismissed. Costs of this appeal are to be taxed to Plaintiffs/Appellees Anna Lou Williams, Plantation Gardens, d/b/a Tobacco Plantation and Beer Barn, d/b/a Jim's Flea Market, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE

---

[5]We note that the plaintiffs in *Kornman* were not without a remedy. Subsequent to the dismissal of their quiet title action, the plaintiffs filed an inverse condemnation suit. *See A.L. Kornman Co. v. Metro. Gov't of Nashville and Davidson County*, 417 S.W.2d 793, 794-95 (Tenn. Ct. App. 1967). The plaintiffs sought damages for the fair market value of the land, which they alleged was taken for a second time after the State abandoned the easement. *Id.*; *see generally* T.C.A. §§ 29-16-123, 54-5-106, 54-5-111.

[6]Plaintiffs point this Court to section 20-4-107 of the Tennessee Code Annotated. The statute provides that "any action the subject matter of which involves real property in which the state of Tennessee, or any agency thereof, is a party, may be properly instituted in any county in which such property is located." T.C.A. § 20-4-107 (1994). Contrary to Plaintiffs' assertions, however, this statute addresses venue and does not confer subject matter jurisdiction upon the courts to hear a declaratory judgment action against the State which seeks to construe a state-owned easement.