IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 4, 2007 Session

CITY OF JACKSON, TENNESSEE, EX REL. V.
STATE OF TENNESSEE, EX REL.

Appeal from the Chancery Court for Davidson County
No. 05-1751-III     Ellen Hobbs Lyle, Chancellor

No. M2006-01995-COA-R3-CV - Filed May 27, 2008

The City of Jackson appeals the trial court's dismissal of its action against the Commissioner of Commerce and Insurance seeking reimbursement for building demolition expenses under Tenn. Code Ann. § 68-102-122. Finding that sovereign immunity prohibits monetary claims against the state when brought seeking a declaratory order under either the Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101 et seq., or the Administrative Procedures Act, Tenn. Code Ann. §4-5-225, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

JUDGE ROBERT HOLLOWAY, SP. J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, J. and ROBERT W. WEDEMEYER, SP.J., joined.

Lewis L. Cobb, Clinton H. Scott, Jackson, Tennessee, for the appellant, City of Jackson, Tennessee ex rel. Jim Campbell as Building Official for the City of Jackson.

Robert E. Cooper, Jr., Attorney General & Reporter; Douglas Earl Dimond, Senior Counsel for the appellee, State of Tennessee, ex rel. Paula Flowers as Commissioner of the Dept. of Commerce & Insurance.

**OPINION**

This appeal concerns the City of Jackson's effort to be reimbursed under Tenn. Code Ann. § 68-102-122 by the Commissioner of Commerce and Insurance for costs the city incurred in demolishing a building. The trial court dismissed the city's suit against the Commissioner ("Commissioner") seeking reimbursement. Since the matter below was disposed of on a motion to dismiss, the following facts alleged in the City of Jackson's complaint are taken as true.

The City of Jackson Building Official declared the Fox Building to be unsafe and unfit for human use under the city's building code. The ultimate owner of the Fox Building, William T. Diamond, Jr., was notified in February of 2004 of the problems and requested to take immediate action. When no action was taken, the Building Official filed a misdemeanor citation on March 2, 2004 against Mr. Diamond. After a hearing, Mr. Diamond was ordered by the court to remedy the dangerous conditions in the Fox Building. When Mr. Diamond again failed to act, in April of 2004, the Building Official found the building to constitute a dangerous and/or defective building under Tenn. Code Ann. § 68-102-101 *et seq*. and ordered Mr. Diamond to demolish the Fox Building.

Before proceeding with the demolition, the city hired an architectural and engineering firm to inspect the building. As a result, the city received a report from the firm verifying that the Fox Building compromised public safety and that immediate action should be taken to address the risk.

The city held an administrative hearing in June of 2004 regarding the risks posed by the Fox Building. The Building Official presided and Mr. Diamond was present. The hearing resulted in Mr. Diamond being ordered to demolish the building, which he again failed to do. Mr. Diamond, however, did not appeal the order.

Pursuant to Tenn. Code Ann. § 68-102-121, the city demolished the Fox Building at an expense of $80,125.62. The city has not been reimbursed by Mr. Diamond for the demolition expenses.

Thereafter, the Building Official requested reimbursement of the demolition expenses from the Commissioner of Commerce and Insurance ("Commissioner") under Tenn. Code Ann. § 68-102-122. When the Commissioner declined the city's request for reimbursement from the statutory Fire Prevention Fund, the city filed the lawsuit.

The city filed a "Petition for Review/Complaint" in the Davidson County Chancery Court naming as defendant the State of Tennessee *ex rel*., Paula Flowers as Commissioner seeking relief under the Administrative Procedures Act, Tenn. Code Ann. § 4-5-322, and a declaratory judgment.[1] The gravamen of the petition alleged that the Commissioner violated Tenn. Code Ann. § 68-102-122 when she denied reimbursement and the city seeks a declaratory order to that effect and ordering the Commissioner to reimburse the city for the expenses incurred. Specifically, the relief requested in the city's complaint is that the court find that the Commissioner "is required to reimburse the city of Jackson" for the demolition expenses under Tenn. Code Ann. § 68-102-122. The city also asked the court to "order the Commissioner . . . to reimburse the city . . . $80,125.62 from the Fire Prevention Fund" and award the city "any and all damages suffered."

---

[1]While the complaint alleged Tenn. Code Ann. § 27-9-101 *et seq*. as a jurisdictional basis, the city withdrew that particular ground when before the trial court. In addition, the complaint makes reference to requesting a declaratory judgment and cites only Tenn. Code Ann. § 16-11-101 *et seq*. We assume that the city argues on appeal that they seek to establish jurisdiction under the Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101 *et seq*.

The Commissioner filed a motion to dismiss alleging alternatively that the court lacked subject matter jurisdiction and that the city was not entitled to reimbursement. The trial court concluded that it had jurisdiction to review the Commissioner's decision under Tenn. Code Ann. § 4-5-225. After concluding that it had jurisdiction, the court granted the Commissioner's motion to dismiss finding that the city was not entitled to reimbursement. The trial court found that the record shows that the Fox Building safety problems arose from structural and water problems and not fire prevention. Since Tenn. Code Ann. § 68-102-122 allows reimbursement from the Fire Prevention Fund to address fire safety issues, the city did not qualify for reimbursement under the statute. As a consequence, the trial court granted the Commissioner's Motion to Dismiss. The city appealed.

## I. STANDARD OF REVIEW

A Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint itself. *Willis v. Dept. of Corrections*, 113 S.W.3d 706, 710 (Tenn. 2003); *Doe v. Sundquist,* 2 S.W.3d 919, 922 (Tenn. 1999). The standard of appellate review of a dismissal under Rule 12.02(6) requires that we take the factual allegations in the complaint as true. Willis, 113 S.W.3d at 710. Since review of the trial court's interpretation of a statute is a question of law, our review is de novo, without a presumption of correctness. *Fahrner v. SW Manu., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001). The trial court should grant a motion to dismiss only "when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Willis*, 113 S.W.3d at 710.

## II. ANALYSIS

Certain officers are authorized by Tenn. Code Ann. § 68-102-117 to order that specific dangerous building conditions be remedied. If the owner of the building does not comply with the order and the condition is not remedied, then Tenn. Code Ann. § 68-102-121 authorizes the officer to repair or demolish the building. At all times relevant to the city's actions,[2] Tenn. Code Ann. § 68-102-121 provided as follows with regard to expenses incurred by the officers;

> If a party within thirty (30) days thereafter fails, neglects, or refuses to repay the officer the expense thereby incurred by the officer, the officer shall certify the expense to the commissioner of commerce and insurance, and the commissioner shall immediately pay the expenses out of the fire prevention fund.

---

[2]This situation will not arise in the future since effective June 5, 2006, Tenn. Code Ann. § 68-102-122 does not provide for reimbursement from the Fire Prevention Fund. The amended version of the statute provides as follows:

> If a party fails, neglects, or refuses to repay the officer the expense incurred by the officer within thirty (30) days after the occurrence, the officer may immediately place a lien upon the property for the expenses incurred pursuant to Tenn. Code Ann. § 68-102-121, together with a twenty-five percent (25%) penalty. The lien shall be a lien on the property, including the real estate on which the property is located, and the lien shall be superior and prior to all other liens on the property, except a lien for taxes assessed and due the state, county and city in which the property is located, and vendors' liens.

The Commissioner argues that it is not appropriate to reach the merits of the city's request since the trial court lacked subject matter jurisdiction to entertain the claim.

It is well settled that the doctrine of sovereign immunity provides that the state may not be sued in its own courts absent legislative consent. *Wells v. Tennessee Board of Regents*, 231 S.W.3d 912, 916 (Tenn. 2007); *Davidson v. Lewis Brothers Bakery*, 227 S.W.3d 17, 19 (Tenn. 2007). Article I, section 17 of the Tennessee Constitution authorizes the General Assembly to waive sovereign immunity "in such manner and in such courts as the Legislative may by law direct." *Wells*, 231 S.W.3d at 916; *Davidson*, 227 S.W.3d at 19.

> Because Tenn. Const. art. I, § 17 is not self-executing, the General Assembly has the exclusive constitutional prerogative to establish the procedures for making monetary claims against the state.

*White v. State*, No. M1999-00713-COA-R3-CV, 2001 WL 134601, at *3 (Tenn. Ct. App. Feb. 16, 2001) (no Tenn. R. App. P. 11 application filed) (citing *General Oil Co. v. Crain*, 95 S.W. 824, 826 (1906)) *Williams v. Register*, 3 Tenn. (1 Cooke) 213, 217 (1812)). Furthermore, Tenn. Code Ann. § 20-13-102(a) prohibits courts from hearing cases against the state absent waiver and requires dismissal. *Wells*, 231 S.W.3d at 916. Therefore, sovereign immunity is both constitutional and statutory. *Id.*; *Williams v. Nicely*, 230 S.W.3d 385, 388-89 (Tenn. Ct. App. 2007).

The Tennessee Supreme Court has consistently held that a waiver of sovereign immunity will not be found "unless there is a statute clearly and unmistakably disclosing an intent upon the part of the Legislature to permit such litigation." *Davidson*, 227 S.W.3d at 19 (quoting *Scates v. Bd. of Comm'rs of Union City*, 265 S.W.2d 563, 565 (Tenn. 1954)). The Court of Appeals in *White v. State* succinctly described the standards we are to apply when deciding whether the legislature has waived sovereign immunity.

> Statutes permitting the State to be sued for money damages must be strictly construed because they are in derogation of the common law. *Hembree v. State*, 925 S.W.2d 513, 516 (Tenn. 1996); *Beare Co. v. Olsen*, 711 S.W.2d 603, 605 (Tenn. 1986); *Stokes v. University of Tennessee*, 737 S.W.2d 545, 546 (Tenn. Ct. App. 1987). Any statute purporting to waive the State's sovereign immunity must be "so plain, clear and unmistakable as to leave no room for doubt of the intention of the legislature." *Quinton v. Board of Claims*, 165 Tenn. at 214-15, 54 S.W.2d at 957; *Hise v. State*, 968 S.W.2d 852, 853 (Tenn. Ct. App. 1997). Thus, the courts may not presume that the General Assembly waived sovereign immunity any more than the express statutory language. *Daley v. State*, 869 S.W.2d 338, 340 (Tenn. Ct. App. 1993).

*White*, 2001 WL 134601, at *3.

A review of Tenn. Code Ann. § 68-102-122 leads to the conclusion that it does not expressly permit suit against the state and is not a waiver of the state's sovereign immunity.

-4-

The city, however, appeared to argue below that it is proceeding under the Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101 *et seq*., and, as such, the court is vested with subject matter jurisdiction to hear its claim. The Commissioner, however, argues that sovereign immunity precludes the court from hearing a declaratory judgment action against it since the Declaratory Judgment Act contains no waiver of sovereign immunity.

This issue is not novel and our courts have addressed whether the Declaratory Judgment Act can serve as a device to bring suit against the state. Our Supreme Court and intermediate courts have consistently held that the Declaratory Judgment Act does not contain a waiver of sovereign immunity such that suit may be brought under it against the state that is designed to reach the state's treasury. *L.L. Bean, Inc. v. Bracey*, 817 S.W.2d 292, 297 (Tenn. 1991); *Northern Telecom, Inc. v. Taylor,* 781 S.W.2d 837, 838 (Tenn. 1989); *Hill v. Beeler*, 286 S.W.2d 868, 871 (Tenn. 1956); *Williams v. Nicely*, 230 S.W.3d at 389-90. The same holds true when the action is against a state officer. *Williams*, 230 S.W.3d at 389; *Carter v. McWherter*, 859 S.W.2d 343, 346 (Tenn. Ct. App. 1993).

The city also argues that the trial court was correct when it determined that it had subject matter jurisdiction under the Administrative Procedures Act, Tenn. Code Ann. § 4-5-225. The statute relied upon by the trial court provides as follows:[3]

> (a) The legal validity or applicability of a statute, rule or order of an agency to specified circumstances may be determined in a suit for a declaratory judgment in the chancery court of Davidson County, unless otherwise specifically provided by statute, if the court finds that the statute, rule or order, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the complainant. The agency shall be made a party to the suit.

The question is whether the legislature intended Tenn. Code Ann. § 4-5-225 to waive the state's sovereign immunity when the clear and express purpose of the suit is to reach the state's treasury. Tenn. Code Ann. § 4-5-225 does not expressly waive the state's immunity so as to allow an assault upon the treasury. Without a clear statement of such intent, we are not at liberty to infer one. As discussed earlier, we must strictly construe Tenn. Code Ann. § 4-5-225 in this context because it is in derogation of the common law. Furthermore, there must be no "doubt of the intention of the legislature" to allow suits in effect to reach the treasury. Consequently, we must conclude that Tenn. Code Ann. § 4-5-225(a) is not a waiver of sovereign immunity such that it can be used to make monetary claims against the state.

This conclusion is further buttressed by the statutory sovereign immunity provision, Tenn. Code Ann. § 20-13-102, which expressly prohibit such a result. Tenn. Code Ann. § 20-13-102(a) provides as follows:

---

[3]The city's complaint, however, did not allege this statute as a jurisdictional basis but relied instead upon Tenn. Code Ann. § 4-5-322 which governs judicial review of contested cases.

No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

As stated before, it is clearly and expressly the city's intent, as evidenced by the allegations in its complaint, to recover reimbursement of its demolition expenses which is clearly "a view to reach the state, its treasury, funds." Tenn. Code Ann. § 20-13-102(a) requires that such a suit be dismissed.

We do not believe there is a conflict between Tenn. Code Ann. § 4-5-225(a) allowing declaratory actions against state agencies and the immunity provisions of Tenn. Code Ann. § 20-13-102(a). The provisions of Tenn. Code Ann. § 4-5-225(a) provide that a party may seek a declaratory order "unless otherwise specifically provided by statute." The sovereign immunity provisions of Tenn. Code Ann. § 20-13-102(c) specifies otherwise if the purpose to assert a monetary claim against the state. In other words, declaratory actions may be brought against state agencies as described in Tenn. Code Ann. § 4-5-225(a), however, Tenn. Code Ann. § 20-13-102(a) prohibits such suits "with a view", *i.e.*, with the purpose, to reach the state treasury.

The city argues on appeal that its suit is permissible since its petition seeks an order regarding the applicability of a statute. The city's complaint clearly asked the court to find the Commissioner was obligated to make the reimbursement and to order it to be done. Simply because the applicability of a statute may be at issue does not vest the court with jurisdiction to hear a monetary claim against the state. One may not use a "bootstrap" argument to effectuate a waiver of the state's immunity against monetary claims. Such a waiver must be express and leave "no doubt" that the legislature intended to allow a suit affecting the treasury.

Since the state and its officers are protected by sovereign immunity which has not been waived by the legislature, the trial court did not have subject matter jurisdiction to entertain the city's claim. Consequently, the trial court's dismissal of the action is upheld on the grounds discussed herein.

While we do not rely on these grounds to sustain the dismissal since subject matter jurisdiction is absent, there are two alternative grounds that likewise support dismissal of this action. First, we agree with the trial court that Tenn. Code Ann. § 68-102-121, as it existed at the time of proceedings below, allowed reimbursement to address fire safety issues and not the type of problems that beset the Fox Building. Second, plaintiff may not join an original action seeking monetary relief, such as that requested here, with an appellate cause of action, such as a petition seeking review of the Commissioner's decision as requested herein.

An appellate cause of action (*i.e.*, a petition for common-law writ of certiorari) cannot be joined with an original cause of action (i.e., a complaint for inverse

condemnation). *Winkler v. Tipton County Bd. of Educ.*, 63 S.W.3d 376, 383 (Tenn. Ct. App. 2001); *Goodwin v. Metro. Bd. of Health*, 656 S.W.2d 383, 386-87 (Tenn. Ct. App. 1983) (holding that "[t]he necessity of a separation of appellate review of a matter and trial of another matter ought to be self evident. . . . Like water and oil, the two will not mix.") Where an original action for damages has been joined with a petition for writ of certiorari, the claim for damages should be dismissed at the very outset. *Byram v. City of Brentwood*, 833 S.W.2d 500, 502 (Tenn. Ct. App. 1991); *Goodwin v. Metro Bd. of Health*, 656 S.W.2d at 387.

*Watson v. City of Lavergne*, M2006-00351-COA-R3-CV, 2007 WL 1341767, at *4 (Tenn. Ct. App. May 7, 2007) (no Tenn. R. App. P. 11 application filed).

    The dismissal of the trial court is affirmed for the reasons stated herein. Costs of this appeal are taxed against the City of Jackson.

_____
ROBERT HOLLOWAY, SPECIAL JUDGE